Allison H. Altersohn, Esq. (043851997)
Kathleen E. McCarthy, Esq. (*pro hac vice* application forthcoming)
**KING & SPALDING LLP**
1185 Avenue of the Americas, 34th Floor
New York, New York 10036-4003
212-556-2100
212-556-2222 Facsimile
*Attorneys for Plaintiff, Hotaling & Co., LLC*

-and-

David S. Gold, Esq. (012562010)
Elizabeth A. Carbone, Esq. (116052014)
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street, P.O. Box 800
Hackensack, New Jersey  07602-0800
201-489-3000
201-489-1536 Facsimile
*Attorneys for Plaintiff, Sanniti LLC*

| | |
|---|---|
| HOTALING & CO., LLC and SANNITI LLC,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>LY BERDITCHEV CORP.,<br><br>　　　　　Defendant. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br>CIVIL ACTION NO.<br><br>Civil Action<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs, Hotaling & Co., LLC ("Hotaling") and Sanniti LLC ("Sanniti"; together with Hotaling, "Plaintiffs"), by and through their attorneys, King & Spalding LLP and Cole Schotz P.C., complaining against defendant, LY Berditchev Corp. ("Defendant"), allege as follows:

## INTRODUCTION

1.  This is an action for federal and common law unfair competition arising from Defendant's unlawful importation, marketing, and/or sale of "gray market" LUXARDO brand maraschino cherries not intended or authorized for sale in the United States, including, but not

1

limited to, in this District. As discussed below, Defendant's conduct violates Plaintiffs' rights as exclusive/authorized distributors of LUXARDO brand maraschino cherries in the United States and has caused substantial and ongoing damages.

## THE PARTIES

2. Hotaling & Co., LLC is a California limited liability company having its principal place of business at 550 Montgomery Street, Suite 300, San Francisco, California 94111. Hotaling is the exclusive U.S. importer of LUXARDO brand food products, including the maraschino cherries that are the subject of this action.

3. Sanniti LLC is a New Jersey limited liability company having its principal place of business at 1275 Valley Brook Avenue, Lyndhurst, New Jersey 07071. Sanniti is an authorized distributor of LUXARDO brand food products, including the maraschino cherries that are the subject of this action.

4. Upon information and belief, LY Berditchev Corporation is a New York corporation with its principal place of business at 95 High Street, Passaic, New Jersey 07055.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in the State of New Jersey and this District.

6. Furthermore, Defendant has purposefully availed itself of the privilege of engaging in activity in this State, and the causes of action asserted herein arise out of Defendant's forum-related activities. Specifically, Defendant transacts business that is the subject of this suit in the State of New Jersey and this District and committed tortious acts that are the subject of this suit therein. Moreover, products unlawfully imported, marketed, and/or sold by Defendant that are the subject of this suit are physically present in the State of New Jersey and this District.

7. This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1121, 28 U.S.C. §§ 1331 and 1338, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) as Defendant resides in this State and District and a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District.

## FACTS COMMON TO ALL COUNTS

*LUXARDO ORIGINAL MARACHINO CHERRIES*

9. LUXARDO ORIGINAL MARACHINO CHERRIES (the "Luxardo Brand Cherries") are world-famous, high-end candied cherries manufactured in Italy by Girolamo Luxardo S.P.A. ("GLS"). GLS first began selling Luxardo Brand Cherries in or about 1905 and is considered by many to be the creator of the "original" maraschino cherry.

10. All LUXARDO trademarks, including incontestable U.S. Trademark Registration No. 4460894 covering the design of the LUXARDO maraschino cherries front label (the "Trademarks"), are owned by GLS.

11. GLS has granted to Hotaling the exclusive right to import, supply, and market Luxardo Brand Cherries in the United States. In connection with same, Hotaling is a licensee of the Trademarks in the United States.

12. Sanniti, through its relationship with Hotaling, is an authorized United States distributor of Luxardo Brand Cherries.

13. GLS is careful in processing and bottling all products intended and authorized for distribution and sale in the United States to comply with stringent FDA standards and regulations.

14. For example, products authorized by GLS for importation and sale in the United States bear a prominent legend identifying GLS's exclusive importer Hotaling as the importer, and display the required U.S. labeling for food products, including the serving size, nutritional information, the safety notice in English that the product may contain pits, as well as the "best before" date stated in the U.S. format of "Month/Day/Year."

15. Products authorized by GLS for importation and sale in other markets do not include this important U.S.-required labeling and are therefore materially different from the goods authorized and specifically labeled for sale in the United States. See the below comparison of portions of the label authorized for sale in the United States and two unauthorized labels:



16. GLS, Hotaling, and Sanniti take great care in developing and presenting the LUXARDO product offerings in the United States in a manner consistent with the high reputation for quality of those products, including, for example, the following presentation appearing on the Amazon.com ("Amazon") LUXARDO Brand Registry storefront:

4



17.     GLS, Hotaling, and Sanniti provide Hotaling's website address on all authorized imports so that consumers have a point of contact in the United States in the event of any questions about, or issues with, the products.

18.     GLS, Hotaling, and Sanniti maintain the reputation of the LUXARDO brand by controlling the quality of the storage, shipment, delivery, and placement of all products.  If not properly handled, shipped, and stored, food products may deteriorate or jars may be damaged or broken in delivery to end consumers.

*Defendant's Unlawful Conduct*

19.     Upon information and belief, Defendant has imported, distributed, marketed, and/or sold large quantities of Luxardo Brand Cherries not intended or authorized for sale in the United States (the "<u>Unauthorized Luxardo Brand Cherries</u>"), including in this District, through online retailers such as Amazon.

20.     Upon further information and belief, Defendant has sold the Unauthorized Luxardo Brand Cherries at prices materially lower than the Luxardo Brand Cherries intended and authorized for sale in the United States.  Upon further information and belief, the price differential may be due to improper avoidance of applicable tariffs during importation of the products.

21. The Unauthorized Luxardo Brand Cherries are materially different from the authorized Luxardo Brand Cherries marketed and sold in the United States.

22. For example, the Unauthorized Luxardo Brand Cherries bear Italian-language labels and packaging that do not comply with United States labeling laws, including the serving size, nutritional information, the safety notice in English that the product may contain pits, as well as the "best before" date stated in the U.S. format of "Month/Day/Year."

23. The labels on the Unauthorized Luxardo Brand Cherries also do not include the name and contact information for Hotaling, the exclusive authorized importer of Luxardo Brand Cherries in the United States.

24. The marketing and sale of Unauthorized Luxardo Brand Cherries by Defendant on Amazon is directly connected to, and refers to, the "Brand Registry" link containing the authorized Luxardo Brand Cherries.

25. Below is an example of one such confusing presentation of an offering of Unauthorized Luxardo Brand Cherries by Defendant that appears to be marketing for sale goods intended and authorized for sale in the United States:



26. Defendant's unauthorized marketing and sale of Unauthorized Luxardo Brand Cherries infringes GLS's rights and constitutes unfair competition with GLS, Hotaling, Sanniti, and other authorized sellers as these actions are likely to cause confusion among consumers.

27. Upon information and belief, Defendant has knowledge of Plaintiffs' rights as exclusive/authorized distributors and are therefore engaging in such unlawful conduct knowingly, willfully, and intentionally, or with at least reckless disregard for Plaintiffs' rights.

*Plaintiffs' Efforts To Stop The Importation and Sale Of Unauthorized Luxardo Brand Cherries*

28. Plaintiffs have, on several occasions, notified Defendant of their unlawful conduct and Defendant has failed and/or refused to comply with Plaintiffs' demands to cease and desist.

29. For example, Sanniti has sent multiple complaints to Amazon requesting that Defendant's listings for Unauthorized Luxardo Brand Cherries be removed. Counsel for Sanniti also spoke on the telephone with Defendant's counsel to further explain the basis of Sanniti's complaints. Despite these complaints and discussion, Defendant failed and/or refused to cease and desist and continued to market and sell Unauthorized Luxardo Brand Cherries on Amazon.

30. On or about October 20, 2020, counsel for Hotaling sent a formal cease and desist letter to Defendant's counsel providing additional details concerning Defendant's unlawful conduct and demanding that Defendant immediately cease and desist from all unlawful activities. Again, Defendant failed and/or refused to cease and desist and continued to market and sell Unauthorized Luxardo Brand Cherries on Amazon.

## FIRST COUNT
### (Federal Unfair Competition Under 15 U.S.C. § 1125(a))

31. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if same were fully set forth herein.

32. Defendant's conduct, as aforesaid, is likely to cause confusion, to cause mistake, and/or to deceive the public into mistakenly believing that: (a) Defendant is a licensee, authorized distributor, or affiliate of Plaintiffs (and/or GLS); (b) Defendant and its activities are authorized, endorsed, sponsored or approved by Plaintiffs (and/or GLS); or (c) Defendant and its activities originate with, are connected with, or are associated with Plaintiffs (and/or GLS), or vice versa.

33. Defendant's conduct, as aforesaid, is likely to cause confusion, to cause mistake, and/or to deceive the public into mistakenly believing that the Unauthorized Luxardo Brand Cherries are intended and authorized for sale in the United States despite the material differences between the authorized Luxardo Brand Cherries and the Unauthorized Luxardo Brand Cherries.

34. Defendant's conduct, as aforesaid, has caused, and is continuing to cause, both ascertainable and unquantifiable damages to Plaintiffs including, without limitation, damages to Plaintiffs' business, business reputation, and business relations.

## SECOND COUNT
**(Common Law Unfair Competition)**

35. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if same were fully set forth herein.

36. Defendant's conduct, as aforesaid, constitutes unfair competition under the common law of the State of New Jersey.

37. Defendant's conduct, as aforesaid, constitutes a pattern of intentional and willful unfair competition.

38. Defendant's conduct, as aforesaid, has caused, and is continuing to cause, both ascertainable and unquantifiable damages to Plaintiffs including, without limitation, damages to Plaintiffs' business, business reputation, and business relations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request relief from this Court as follows:

(A) An Order permanently enjoining and restraining Defendant, and any and all of its respective parent companies, affiliates, subsidiaries, officers, employees, agents, representatives, members, directors, attorneys, and/or other persons acting on its behalf, from importing, marketing, selling, and/or distributing Unauthorized Luxardo Brand Cherries in the United States.

(B) An Order directing all Unauthorized Luxardo Brand Cherries in Defendant's possession and/or control to be seized and delivered to Plaintiffs for immediate destruction.

(C) An Order directing Defendant to produce a list containing the names and contact information for all individuals and entities to whom Defendant sold Unauthorized Luxardo Brand Cherries in the United States.

(D) An Order requiring an accounting of Defendant's sales and profits arising from Defendant's unlawful conduct.

(E) An award, pursuant to 15 U.S.C. § 1117(a), of: (i) all of Defendant's profits arising from Defendant's unlawful conduct; and (ii) all damages sustained by Plaintiffs arising from Defendant's unlawful conduct.

(F) An award of pre- and post-judgment interest.

(G) An award of Plaintiffs' costs and reasonable attorneys' fees incurred in connection with this action, pursuant to 15 U.S.C. § 1117(a).

(H) An award of such other and further relief as the Court may deem just and equitable under the circumstances.

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b) and L. CIV. R. 38.1, Plaintiffs hereby demand a trial by jury on all issues so triable.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

The undersigned counsel for Plaintiffs hereby certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Respectfully submitted,

November 17, 2020         By: /s/ David S. Gold
**COLE SCHOTZ P.C.**
David S. Gold, Esq.
Elizabeth A. Carbone, Esq.
*Attorneys for Plaintiff, Sanniti LLC*

-and-

November 17, 2020         By: /s/ Allison H. Altersohn
**KING & SPALDING LLP**
Allison H. Altersohn, Esq.
Kathleen E. McCarthy, Esq. (*pro hac vice* application forthcoming)
*Attorneys for Plaintiff, Hotaling & Co., LLC*