Mark Berkowitz
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Telephone: (212) 216-8000
Fax:      (212) 216-8001
E-mail:    mberkowitz@tarterkrinsky.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOTALING & CO., LLC and SANNITI LLC,<br><br>           Plaintiffs,<br><br>v.<br><br>LY BERDITCHEV CORP.,<br><br>           Defendant. | Civil Action No. 2:20-cv-16366<br><br><u>Assigned to</u>:<br>Judge John Michael Vazquez<br>Magistrate Judge James B. Clark<br><br><u>Motion Date</u>: February 16, 2021 |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................1

II. FACTUAL BACKGROUND..............................................................................3

    A. The Parties ..................................................................................................3

    B. Plaintiffs Attempt to Interfere in LYB's Sales of Genuine Luxardo Products ..........................................................................................3

III. LEGAL STANDARDS .......................................................................................5

IV. THE COMPLAINT SHOULD BE DISMISSED ...............................................6

    A. Plaintiffs Have Failed to Establish Standing............................................6

    B. Luxardo Is a Necessary and Indispensable Party ..................................9

V. CONCLUSION...................................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abuhouran v. KaiserKane, Inc.*,
   No. CIV. 10-6609 NLH/KMW,
   2012 WL 4027416 (D.N.J. Sept. 12, 2012) ...................................................... 5

*Aceto Corp. v. TherapeuticsMD, Inc.*,
   953 F. Supp. 2d 1269 (S.D. Fla. 2013) ................................................... 7, 9, 12

*Ballentine v. United States*,
   486 F.3d 806 (3d Cir. 2007) .............................................................................. 5

*Drew Estate Holding Co. v. Fantasia Distribution, Inc.*,
   875 F. Supp. 2d 1360 (S.D. Fla. 2012) ........................................................ 2, 6

*Earl v. Peverett*,
   No. 90 Civ. 5019 (MBM),
   1991 WL 33281 (S.D.N.Y. Mar. 7, 1991) ......................................................... 9

*Fin. Inv. Co. (Bermuda) Ltd. v. Geberit AG*,
   165 F.3d 526 (7th Cir. 1998) ......................................................................... 6, 8

*Int'l Importers, Inc. v. Int'l Spirits & Wines, LLC*,
   No. 10-61856-CIV, 2011 WL 7807548 (S.D. Fla. July 26, 2011) ............. 10, 11

*Jaguar Cars, Ltd. v. Manufactures Des Montres Jaguar. S.A.*,
   196 F.R.D. 306 (E.D. Mich. 2000) .................................................................. 10

*Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*,
   920 F.3d 704 (11th Cir. 2019) .......................................................................... 8

*JTG of Nashville, Inc. v. Rhythm Band, Inc.*,
   693 F.Supp. 623 (M.D. Tenn. 1988) ............................................................... 11

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
   134 S. Ct. 1377 (2014) ...................................................................................... 6

*Lion Petroleum of Missouri. Inc. v. Millennium Super Stop. LLC*,
   467 F. Supp. 2d 953 (E.D. Mo. 2006) ............................................................. 11

*Lontex Corp. v. Nike, Inc.*,
    384 F. Supp. 3d 546 (E.D. Pa. 2019) ................................................................................ 4

*Marrero Enters. of Palm Beach, Inc. v. Estefan Enters., Inc.*,
    No. 06-81036-CIV, 2007 WL 4218990 (S.D. Fla. Nov. 29, 2007) ................ 2, 10

*O.O.C. Apparel, Inc. v. Ross Stores, Inc.*,
    No. 04–6409(PGS), 2007 WL 869551 (D.N.J. Mar. 20, 2007) ........................... 7

*Reynolds v. Banks*,
    No. 12-cv-11664, 2012 WL 2524332 (E.D. Mich. June 29, 2012) ...................... 9

*In re Schering Plough Corp. Intron/Temodar Consumer Class Action*,
    678 F.3d 235 (3d Cir. 2012) ................................................................................ 5

*The Connelly Firm, P.C. v. U.S. Dep't of the Treasury*,
    No. 15-2695 (RBK/JS), 2016 WL 1559299 (D.N.J. Apr. 18, 2016) .................... 5

*Tr Worldwide Phillyfood, LLC v. Tony Luke, Inc.*,
    No. CV 16-1185 (RBK/JS),
    2017 WL 396539 (D.N.J. Jan. 30, 2017) ......................................................... 2, 8

*Visa U.S.A. Inc. v. First Data Corp.*,
    No. C 02-01786 JSW,
    2005 WL 6271242 (N.D. Cal. Aug. 16, 2005) ..................................................... 8

**Rules and Statutes**

15 U.S.C § 1116(d)(1)(B)(ii) ..................................................................................... 4

15 U.S.C. § 1125(a) ......................................................................................... *passim*

15 U.S.C. § 1127 ....................................................................................................... 4

Fed. R. Civ. P. 12(b)(1) .................................................................................... 1, 5, 8

Fed. R. Civ. P. 12(b)(7) ......................................................................................... 1, 5

Fed. R. Civ. P. 19 ........................................................................................ 2, 5, 9, 10

Pursuant to Rules 12(b)(1) and 12(b)(7) of the Federal Rules of Civil Procedure, Defendant LY Berditchev Corp. ("LYB") moves this Court for an Order dismissing the Complaint (ECF No. 1, "Compl.") filed by Plaintiffs Hotaling & Co., LLC ("Hotaling") and Sanniti LLC ("Sanniti") (collectively, "Plaintiffs") for lack of subject matter jurisdiction and for failure to join an indispensable party.

## I.   INTRODUCTION

This case relates to the sale of candied cherries—the kind that you might find in a cocktail or on top of an ice cream sundae.  Specifically, Plaintiffs claim that LYB has violated the Lanham Act and state law by selling certain candied cherries that are not "authorized" for sale in the United States.  Unlike the cherries at issue, Plaintiffs' claims are not sweet at all.

The cherries at issue are manufactured in Italy by, non-party, Girolamo Luxardo S.P.A. ("Luxardo") and sold throughout the world under Luxardo's trademarks ("Luxardo Marks"). Plaintiffs, Hotaling and Sanniti, purport to be distributors of Luxardo cherries and licensees of the Luxardo Marks.  As they conceded in the Complaint, they are dissatisfied that LYB is selling Luxardo cherries "at prices materially lower than" those Plaintiffs seek to (illegally) maintain. (Compl. ¶20).

Irrespective of Plaintiffs' motivation for bringing suit, it should have been obvious to them that they lack standing to bring this suit without Luxardo.  It is black

letter law that a "licensee's standing to bring a trademark infringement claim largely depends on the rights granted to the licensee in the licensing agreement." *Drew Estate Holding Co. v. Fantasia Distribution, Inc.*, 875 F. Supp. 2d 1360, 1366 (S.D. Fla. 2012) (internal quotation omitted). The Complaint fails to identify the specific agreement or provisions that provide either of the Plaintiffs with the right to enforce the Luxardo Marks. *See Tr Worldwide Phillyfood, LLC v. Tony Luke, Inc*., No. CV 16-1185 (RBK/JS), 2017 WL 396539, at *3 (D.N.J. Jan. 30, 2017) (granting motion to dismiss Section 43(a) and related state law claims where "Plaintiff does *not* have a contractual right to enforce TLE's rights against Defendants or any other third party") (emphasis in original).

Luxardo—the owner of the Luxardo Marks—is a required party that must be joined in this lawsuit. As numerous courts have found, "[a]n owner/licensor . . . of a trademark is, pursuant to Rule 19, required as a necessary party in actions concerning those rights to allow the Court to accord complete relief and to avoid the risk of multiple or inconsistent obligations or repetitive litigation arising from the same facts." *Marrero Enters. of Palm Beach, Inc. v. Estefan Enters., Inc.*, No. 06-81036-CIV, 2007 WL 4218990, at *2 (S.D. Fla. Nov. 29, 2007). Absent joinder of Luxardo: (1) Luxardo's rights and interests will be prejudiced (e.g., by invalidation of its trademarks); and (2) LYB could face multiple lawsuits relating to same claims (e.g., a subsequent suit by Luxardo).

For these reasons, and those discussed below, the Complaint should be dismissed.

## II.   FACTUAL BACKGROUND

### A.   The Parties

LYB is distributor of a wide variety of consumer products and a top seller on the Amazon.com marketplace. Among the thousands of products that it stocks and sells, LYB carries candied cherries (also known as "Maraschino" cherries) manufactured by Luxardo ("Luxardo Cherries"). These cherries, which are imported from Italy, are packaged in sealed cans or glass jars.

The Complaint alleges that "All LUXARDO trademarks," including "U.S. Trademark Registration No. 4460894 covering the design of the LUXARDO maraschino cherries front label," are owned by Luxardo, not Plaintiffs. (Compl. ¶10). According to the Complaint, Plaintiff "Hotaling is the exclusive U.S. importer of LUXARDO brand food products, including the maraschino cherries that are the subject of this action" and Plaintiff "Sanniti is an authorized distributor of LUXARDO brand food products, including the maraschino cherries that are the subject of this action." (Compl. ¶¶2–3).

### B.   Plaintiffs Attempt to Interfere in LYB's Sales of Genuine Luxardo Products

The Complaint purports to state a claim for: (1) unfair competition under 15 U.S.C. § 1125(a); and (2) common law unfair competition. Specifically, Plaintiffs

allege that the Luxardo Cherries sold by LYB are labelled differently than those sold by Plaintiffs. (Compl. ¶¶19–23).

Buried in their Complaint, Plaintiffs identify the true motivation for their Complaint—they are unhappy that LYB is selling Luxardo Cherries below the price that Plaintiffs have conspired to maintain. (*See* Compl. ¶20 ("Upon further information and belief, Defendant has sold the Unauthorized Luxardo Brand Cherries ***at prices materially lower*** than the Luxardo Brand Cherries intended and authorized for sale in the United States.") (emphasis added)). In other words, Plaintiffs seek to maintain the prices for Luxardo Cherries in the United States at prices higher than they are available elsewhere.

Plaintiffs note that, prior to filing the Complaint, Plaintiff "Sanniti has sent multiple complaints to Amazon requesting that Defendant's listings for [Luxardo] Cherries be removed." (Compl. ¶29). Plaintiffs were so determined to eliminate lower-priced competition that they went as far as submitting reports to Amazon that LYB was selling "counterfeit" Luxardo cherries—but the Complaint concedes that LYB's products were in fact manufactured by Luxardo, i.e., they were genuine.[1] Should this case proceed, LYB will seek damages against Luxardo, Hotaling and

---

[1] A "counterfeit" is "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127; 15 U.S.C § 1116(d)(1)(B)(ii); *see also Lontex Corp. v. Nike, Inc.*, 384 F. Supp. 3d 546, 555 (E.D. Pa. 2019) (noting that "spurious" has been defined as "deceptively suggesting an erroneous origin, fake") (internal quotations and modifications omitted).

Sanniti for unfair competition, tortious interference and product disparagement, among other claims.

### III.  LEGAL STANDARDS

A court must grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) if the court determines that it lacks subject-matter jurisdiction over a claim. *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "Generally, where a defendant moves to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, the plaintiff bears the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *The Connelly Firm, P.C. v. U.S. Dep't of the Treasury*, No. 15-2695 (RBK/JS), 2016 WL 1559299, at *2 (D.N.J. Apr. 18, 2016) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)).

A motion to dismiss for lack of standing is properly brought pursuant to Federal Rule of Civil Procedure 12(b)(1), because standing is a matter of jurisdiction. *See Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).

"Federal Rule of Civil Procedure 12(b)(7) provides that defendants may move to dismiss a plaintiff's complaint for 'failure to join a party under Rule 19.'" *Abuhouran v. KaiserKane, Inc.*, No. CIV. 10-6609 NLH/KMW, 2012 WL 4027416, at *3 (D.N.J. Sept. 12, 2012) (quoting Fed. R. Civ. P. 12(b)(7)).

## IV. THE COMPLAINT SHOULD BE DISMISSED

### A. Plaintiffs Have Failed to Establish Standing

Plaintiffs bring their claims under Section 43(a) of the Lanham Act and common law. Section 43(a) of the Lanham Act prohibits the use in commerce of "any word, term, name, symbol, or device . . . or any false designation of origin" which is likely to cause confusion or mistake as to the origin, sponsorship, or approval of goods or services. 15 U.S.C. § 1125(a)(1). Because Section 43(a) authorizes "any person who believes that he or she is or is likely to be damaged" to file suit, *id.*, certain non-owners of a trademark may sue for violations of Section 43(a). *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1395 (2014).

For trademark licensees, however, standing under Section 43(a) is not unlimited. The law is well-established that the ***terms of the license agreement control whether licensees have standing to file their own action for trademark infringement under Section 43(a)***. *See, e.g.*, *Fin. Inv. Co. (Bermuda) Ltd. v. Geberit AG*, 165 F.3d 526, 532 (7th Cir. 1998) ("Because the license is the sole source giving the plaintiffs any interest in the [asserted] mark, that same license's refusal to give them the right to sue under these circumstances strips them of the right to raise a § 43(a) claim."); *Drew Estate Holding*, 875 F. Supp. 2d at 1366 (holding that a "licensee's standing to bring a trademark infringement claim largely depends on the

rights granted to the licensee in the licensing agreement") (internal quotations omitted); *Aceto Corp. v. TherapeuticsMD, Inc.*, 953 F. Supp. 2d 1269, 1279 (S.D. Fla. 2013) (same).

In *O.O.C. Apparel, Inc. v. Ross Stores, Inc.*, this Court held that a licensee of the SEAN JOHN trademark lacked standing to assert a Section 43(a) claim under the terms of its license agreement. Civil Action No. 04-6409(PGS), 2007 WL 869551, at *3 (D.N.J. Mar. 20, 2007). The license stated that the licensee "promptly shall notify Licensor" of any infringement; that the licensor and its affiliates would then "take such action as they in their sole discretion deem advisable for the protection of their respective rights in and to the Licensed Mark"; and that the licensee could not file its own action without the licensor's approval. *Id.* Because the plaintiff never obtained the trademark holder's approval to file suit, the district court lacked standing to hear the dispute. *Id.* at *4.

The line that separates the licensees with standing from the licensees without standing is drawn by the language of the contract—specifically, the nature of the rights the license grants the licensee. Here, the Complaint alleges that Luxardo "has granted to Hotaling the exclusive right to import, supply, and market Luxardo Brand Cherries in the United States" and, "[i]n connection with same, ***Hotaling is a licensee*** of the Trademarks in the United States." (Compl. ¶11 (emphasis added)). Sanniti's connection to the Luxardo Marks appear to be even further removed. The

Complaint alleges that "Sanniti, ***through its relationship with Hotaling***, is an authorized United States distributor of Luxardo Brand Cherries." (*Id.* ¶12 (emphasis added)).

Thus, the Complaint avers that Hotaling is a licensee of the Luxardo Marks, and Sanniti has some sort of contractual arrangement with Hotaling, but that is insufficient by a long shot to establish standing. The Complaint fails to attach the relevant agreements or even allege that Plaintiffs have the rights necessary to bring this suit. It is unknown whether the trademark owner, Luxardo, is even aware of this lawsuit or that Plaintiffs have put its trademarks in jeopardy.

Accordingly, the Complaint should be dismissed pursuant to Rule 12(b)(1). *See Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*, 920 F.3d 704, 709–10 (11th Cir. 2019) (Licensee did not have standing to sue for trademark infringement under § 43(a) because the provisions of the license "read together indicate that [the trademark owner] alone has the exclusive right to sue for infringement."); *Fin. Inv. Co.*, 165 F.3d at 532 (licensee lacked § 1125(a) standing where the licensing agreement prohibited such from bringing suit unless the licensor was notified of the alleged infringement and failed to sue first); *Tr Worldwide Phillyfood*, 2017 WL 396539, at *4 (exclusive licensee plaintiff, without contractual rights to enforce the licensor's intellectual property, lacked § 1125(a) standing); *Visa U.S.A. Inc. v. First Data Corp.*, No. C 02-01786 JSW, 2005 WL 6271242, at *5

(N.D. Cal. Aug. 16, 2005) (holding that licensee "lacks standing to sue because the license agreement specifically provides that Visa International retains the sole right to engage in unfair competition proceedings involving the VISA Marks"); *Aceto Corp.*, 953 F. Supp. 2d at 1285 (granting motion to dismiss because licensee-distributor "has not established standing under Section 43(a) of the Lanham Act" in suit against competitor).

### B.     Luxardo Is a Necessary and Indispensable Party

Joinder is governed by Federal Rule of Civil Procedure 19. Rule 19(a), captioned "Persons Required to Be Joined if Feasible", provides that:

> (1) *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i)  as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

"[T]rademark owners [are] indispensable for Rule 19 purposes in infringement actions." *Earl v. Peverett*, No. 90 Civ. 5019 (MBM), 1991 WL 33281, at *1 (S.D.N.Y. Mar. 7, 1991); *see also Reynolds v. Banks*, No. 12-cv-11664, 2012 WL 2524332, at *5 (E.D. Mich. June 29, 2012) ("The well-accepted rationale

requiring the joinder of co-owners of patents in a patent infringement suit also has been found to apply in cases involving trademark infringement[.]"); *Marrero Enters. of Palm Beach*, 2007 WL 4218990, at *2 ("An owner/licensor . . . of a trademark is, pursuant to Rule 19, required as a necessary party in actions concerning those rights to allow the Court to accord complete relief and to avoid the risk of multiple or inconsistent obligations or repetitive litigation arising from the same facts.").

Here, proceeding without Luxardo is not practical. Should the case proceed, the validity of the Luxardo Marks will be challenged by LYB, which will necessarily affect Luxardo's rights and interests. *See Int'l Importers, Inc. v. Int'l Spirits & Wines, LLC*, No. 10-61856-CIV, 2011 WL 7807548, at *8 (S.D. Fla. July 26, 2011) (granting motion to dismiss for failure to join trademark owner because "if the trial ends with an invalidation of the registered mark, [the trademark owner's] interest in the mark may be damaged"); *Jaguar Cars, Ltd. v. Manufactures Des Montres Jaguar. S.A.*, 196 F.R.D. 306, 308 (E.D. Mich. 2000) (owner of trademark should be joined as a required party in Section 43(a) Lanham Act claim to protect his "interest in being able to fully exploit the economic benefits of its registered trademark").

A review of the relief sought by the Plaintiffs further confirms that joinder of Luxardo is necessary. For example, Plaintiffs seek to enjoin LYB "from importing, marketing, selling, and/or distributing Unauthorized Luxardo Brand Cherries in the United States." (Compl. at 9, Prayer for Relief ¶(A)). But these are issues that

necessarily require involvement of the manufacturer and trademark owner. Luxardo may have had excess stock of the products at issue and authorized their sale abroad. *See Lion Petroleum of Missouri. Inc. v. Millennium Super Stop. LLC*, 467 F. Supp. 2d 953, 956 (E.D. Mo. 2006) (owner of trademark found to be a required party for joinder when record is unclear as to whether licensee plaintiff has the right to bring trademark action).

Moreover, based on the allegations in the Complaint, the Court will be unable to provide complete relief to the current parties without Luxardo being joined as a party. In addition to injunctive relief, Plaintiffs seek "an accounting of [LYB's] sales and profits . . . ." (Compl. at 9, Prayer for Relief ¶(D)). Absent joinder of Luxardo, Luxardo could file a separate lawsuit seeking the same relief. *See, e.g.*, *Int'l Imps., Inc.*, 2011 WL 7807548, at *8 (dismissal appropriate where, absent joinder, "the defendants may be at risk of multiple obligations"); *JTG of Nashville, Inc. v. Rhythm Band, Inc.*, 693 F.Supp. 623, 626–27 (M.D. Tenn. 1988) (a trademark owner should be joined in Section 43(a) Lanham Act lawsuit brought by plaintiff licensee because defendant's interest in avoiding multiple lawsuits and owner's interest in facing "substantial risk of being prejudiced by a decision in which its interests were not fully explored" warranted joinder).

For the reasons stated above, Luxardo—the owner of the Luxardo Marks—is a required party who must be joined in this lawsuit. The Complaint should be

dismissed for this reason too. *Aceto Corp.*, 953 F. Supp. 2d at 1284 ("[T]he motion to dismiss for failure to join [the trademark owner] will be granted with leave to amend to either demonstrate that [plaintiff] is an assignee, or the legal equivalent of an assignee of the trademark, or to name [the trademark owner] as either a plaintiff or a defendant.").

## V. CONCLUSION

For the foregoing reasons, LYB respectfully requests that the Complaint be dismissed.

Respectfully submitted,

Dated: January 18, 2021　　　　　　　By: *s/ Mark Berkowitz*

TARTER KRINSKY & DROGIN LLP
Mark Berkowitz (Bar No. 232472017)
1350 Broadway
New York, NY 10018
Telephone:(212) 216-8000
Fax:　　　(212) 216-8001
E-mail: mberkowitz@tarterkrinsky.com

***Attorneys for Defendant***