Allison Altersohn, Esq. (043851997)
Kathleen E. McCarthy, Esq. (*pro hac vice* application pending)
**KING & SPALDING LLP**
1185 Avenue of the Americas, 34th Floor
New York, New York 10036-4003
212-556-2100
212-556-2222 Facsimile
*Attorneys for Plaintiff, Hotaling & Co., LLC*

-and-

David S. Gold, Esq. (012562010)
Elizabeth A. Carbone, Esq. (116052014)
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street, P.O. Box 800
Hackensack, New Jersey  07602-0800
201-489-3000
201-489-1536 Facsimile
*Attorneys for Plaintiff, Sanniti LLC*

|  |  |
|---|---|
| HOTALING & CO., LLC and SANNITI LLC,<br><br>　　　　　　　Plaintiffs,<br>　v.<br><br>LY BERDITCHEV CORP.,<br><br>　　　　　　　Defendant. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY Civil Action No. 2:20-cv-16366-JMV-JBC<br><br>CIVIL ACTION<br><br>**MOTION RETURN DATE: MARCH 1, 2021** |

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## **Table of Contents**

INTRODUCTION ............................................................................................. 1

STATEMENT OF FACTS ............................................................................... 4

I. THE APPLICABLE STANDARDS TO BE APPLIED ON
   DEFENDANT'S MOTION ........................................................................ 4

   A. Berditchev's "Standing" Arguments Are Properly Assessed
      Under Rule 12(b)(6). ....................................................................... 4

   B. Standard for Dismissal under Rule 12(b)(7). ............................. 7

II. PLAINTIFFS HAVE LANHAM ACT STANDING UNDER
    *LEXMARK.* ............................................................................................ 8

III. LUXARDO SPA IS NOT A NECESSARY OR INDISPENSABLE
     PARTY. ................................................................................................. 11

CONCLUSION .............................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aceto Corp. v. TherapeuticsMD, Inc.*,
    953 F. Supp. 2d 1269 (S.D. Fla. 2013) ....................................................9

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997) ...............................................................6

*Curlin Med. Inc. v. ACTA Med., LLC*, No. 16-cv-2464, 2016 WL
    6403131 (D.N.J. Oct. 27, 2016) ...........................................................6

*Davis v. Wells Fargo*,
    824 F.3d 333 (3d Cir. 2016) ................................................................5

*Disabled in Action of Pa. v. Southeastern Pa. Transp. Auth.*,
    635 F.3d 87 (3d Cir. 2011) .................................................................7

*Drew Estate Holding Co. v. Fantasia Distrib., Inc.*,
    875 F. Supp. 2d 1360 (S.D. Fla. 2012) ....................................................8

*Earl v. Peverett*,
    No. 90-cv-5019, 1991 WL 33281 (S.D.N.Y. Mar. 7, 1991) .................................11

*Ferrero U.S.A., Inc. v. Ozak Trading, Inc.*,
    753 F. Supp. 1240 (D.N.J. 1991), *aff'd*, 935 F.2d 1281 (3d Cir. 1991) .................8

*Fin. Inv. Co. (Bermuda) Ltd. v. Geberit AG*,
    165 F.3d 526 (7th Cir. 1998) ..............................................................10

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009) ...............................................................6

*Gould Elecs. Inc. v. U.S.*,
    220 F.3d 169 (3d Cir. 2000) ...............................................................4

*Int'l Importers, Inc. v. Int'l Spirits & Wines, LLC*,
    No. 10-cv-61856, 2011 WL 7807548 (S.D. Fla. July 26, 2011) ...........................12

*Jaguar Cars, Ltd. v. Manufactures Des Montres Jaguar. S.A.*,
    196 F.R.D. 306 (E.D. Mich. 2000) .........................................................13

*Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*,
  920 F.3d 704 (11th Cir. 2019) ...................................................................10

*Lexmark Int'l., Inc. v. Static Control Components, LLC*,
  134 S. Ct. 1377 (2014)......................................................................*passim*

*Marrero Enters. of Palm Beach, Inc. v. Estefan Enters., Inc.*,
  No. 06-81036-CIV, 2007 WL 4218990 (S.D. Fla. Nov. 29, 2007)......................12

*O.O.C. Apparel, Inc. v. Ross Stores, Inc.*,
  No. 04-cv-6409, 2007 WL 869551 (D.N.J. Mar. 20, 2007)..................................10

*Reynolds v. Banks*,
  No. 12-cv-11664, 2012 WL 2524332 (E.D. Mich. June 29, 2012).......................12

*In re Schering Plough Corp. Intron/Temodar Consumer Class Action*,
  678 F.3d 235 (3d Cir. 2012) ......................................................................4

*The Connelly Firm, P.C. v. U.S. Dep't of the Treasury*,
  No. 15-2695, 2016 WL 1559299 (D.N.J. Apr. 18, 2016) .......................................4

*The Joseph Paul Corp. v. Trademark Custom Homes, Inc.*,
  No. 16-cv-1651-L, 2016 WL 4944370 (N.D. Tex. Sept. 16, 2016) .......................5

*Tr Worldwide Phillyfood, LLC v. Tony Luke, Inc.*,
  No. 16-cv-1185, 2017 WL 396539 (D.N.J. Jan. 30, 2017) ...................................9

*Tullett Prebon PLC v. BGC Partners, Inc.*,
  427 F. App'x 236 (3d Cir. 2011) ..................................................................7

*Visa U.S.A. Inc. v. First Data Corp.*,
  No. 02-cv-01786, 2005 WL 6271242 (N.D. Cal. Aug. 16, 2005)..........................10

**Statutes**

Lanham Act Section 43(a), 15 U.S.C.A. § 1125(a)............................................3, 4, 8

**Other Authorities**

Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1359 (3d ed.) .......................................7

Federal Rule of Civil Procedure Rule 12(b)(1) ......................................................*passim*

Federal Rule of Civil Procedure Rule 12(b)(6) ......................................................*passim*

Federal Rule of Civil Procedure Rule 12(b)(7) ............................................................7

Federal Rule of Civil Procedure Rule 15 ...............................................................6, 10

Federal Rule of Civil Procedure Rule 19 ...............................................................6, 12

Plaintiffs, Hotaling & Co., LLC ("Hotaling") and Sanniti LLC ("Sanniti") (together, "Plaintiffs"), submit this memorandum of law in opposition to the motion to dismiss brought by Defendant, LY Berditchev Corp. ("Berditchev" or "Defendant").

## INTRODUCTION

Defendant's motion attempts to deflect attention from Plaintiffs' meritorious claims seeking to stop Defendant from importing, marketing, selling, and otherwise injecting into United States commerce food products that are not properly labeled in accordance with United States law. As set forth in the Complaint, Berditchev is marketing and selling such products, on the same online platforms as Plaintiffs, in direct competition with Plaintiffs, and in a manner that is likely to cause confusion to consumers and direct marketplace harm to Hotaling, the owner of the "exclusive right to import, supply, and market Luxardo Brand Cherries in the United States," and Sanniti, "through its relationship with Hotaling, … an authorized United States distributor of Luxardo Brand Cherries." (Compl. ¶¶ 11-12.)

Plaintiff Hotaling owns the **exclusive** rights to distribute the products at issue in the United States. (*See* Compl. ¶11.) Plaintiffs together "take great care in developing and presenting the LUXARDO product offerings in the United States in a manner consistent with the high reputation for quality of those products" and manage the Amazon.com Brand Registry storefront for the brand, through which they sell only

1

products that are authorized and labeled for distribution and sale in the United States. (Compl. ¶¶16-18.)

In 2020, when a change in tariffs resulted in higher pricing for companies like Plaintiffs, which are importing and distributing LUXARDO cherry products legally, Plaintiffs noticed an uptick in offerings of unauthorized products by unaffiliated third-party Amazon.com sellers like Berditchev. These products sold by unauthorized sellers include products: (a) labeled entirely in Italian and missing the United States importer contact information, English language warnings, and U.S. Food and Drug Administration ("FDA") required food labels; (b) labeled in accordance with U.K. food labeling requirements (*i.e.*, using grams instead of ounces and British spelling instead of the FDA requirements) and missing the United States importer contact information; and (c) so old that they included Hotaling's prior business name, which was changed three years ago. (*See* Compl. ¶15 (select images of infringing products).)

Plaintiffs wrote to these unauthorized sellers, including Berditchev, and demanded that they stop. Some did stop. Others engaged Plaintiffs in an effort to amicably resolve the issues. Berditchev, however, wholly ignored Plaintiffs' letter, did not stop its unlawful sales (*see* Compl. ¶30), and then appeared for a while to even evade service of Plaintiffs' Complaint.

Now, having finally been tracked down and formally served, Berditchev would have this Court dismiss the Complaint: (a) on the assumption that Plaintiffs require,

and do not have, the necessary permissions from the Italian brand owner (Girolama Luxardo S.P.A. ("Luxardo SPA")) to bring this suit; and (b) by arguing that Luxardo SPA is a necessary and indispensable party to litigate claims focused solely on the injury caused to Plaintiffs arising from Berditchev's sales of Italian-labeled, materially different products in the United States.  Berditchev's motion openly acknowledges that parties like Plaintiffs are permitted to bring Lanham Act Section 43(a) unfair competition claims **unless** their agreements with Luxardo SPA (which Berditchev has no personal knowledge of) **prohibit** Plaintiffs from bringing such claims.  However, if Luxardo SPA did prohibit Plaintiffs from seeking to protect their exclusive rights against the confusing sale of Italian-labeled and materially different products in the U.S. marketplace, Plaintiffs would not have brought this case.  Berditchev's motion also seeks to delay and complicate matters with unsupported, implausible, and vague arguments that Berditchev has some unidentified basis on which to challenge the Italian company's incontestable registered trademark rights in the LUXARDO brand and/or that Berditchev will suffer from duplicative litigation relating to its unauthorized sales such that the Italian brand owner must be joined as a necessary and indispensable party.

None of these arguments withstand scrutiny, and Berditchev's motion should be denied in its entirety.

## STATEMENT OF FACTS

For the sake of brevity, Plaintiffs incorporate by reference the factual allegations set forth in Plaintiffs' Complaint [Doc. No. 1], all of which must be accepted as true for purposes of this motion.

### I.    THE APPLICABLE STANDARDS TO BE APPLIED ON DEFENDANT'S MOTION.

#### A.    Berditchev's "Standing" Arguments Are Properly Assessed Under Rule 12(b)(6).

Berditchev erroneously brings its motion to dismiss Plaintiffs' Lanham Act and common law unfair competition claims on "standing" grounds pursuant to Federal Rule of Civil Procedure 12(b)(1).  However, the issue raised by Berditchev, namely whether Plaintiffs are authorized to sue under 15 U.S.C. § 1125(a), is not a matter of jurisdictional standing tested under Rule 12(b)(1).[1]  Instead, the "standing" issue raised by Berditchev is properly assessed under Federal Rule of Civil Procedure 12(b)(6).  This Lanham Act "standing" issue was called "prudential" or "statutory" standing until that terminology was criticized in the 2014 Supreme Court *Lexmark* decision.  *Lexmark*

---

[1] The cases in the "Legal Standards" section of Berditchev's brief do not address Lanham Act "standing."  *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) (RICO claims); *The Connelly Firm, P.C. v. U.S. Dep't of the Treasury*, No. 15-2695, 2016 WL 1559299, at *2 (D.N.J. Apr. 18, 2016) (RICO and tort claims); *Gould Elecs. Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000) (Federal Tort Claims Act).

*Int'l, Inc. v. Static Control Components, LLC*, 134 S. Ct. 1377, 1388 n.4 (2014).  As

explained by the Supreme Court:

> We have on occasion referred to this inquiry as "statutory standing" and treated it as effectively jurisdictional. That label is an improvement over the language of "prudential standing," since it correctly places the focus on the statute. But it, too, is misleading, since "the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the court's statutory or constitutional *power* to adjudicate the case."
>
> [*Id.* (citations omitted; emphasis in original).]

Accordingly, motions addressing this type of "standing" under the Lanham Act do not

attack the court's power to hear the case and are properly assessed under Rule 12(b)(6).

*See*, *e.g.*, *The Joseph Paul Corp. v. Trademark Custom Homes, Inc.*, No. 16-cv-1651-

L, 2016 WL 4944370 (N.D. Tex. Sept. 16, 2016) (treating a motion to dismiss Lanham

Act claim for lack of standing under Rule 12(b)(6), rather than Rule 12(b)(1)).

The distinction between Rule 12(b)(1) and Rule 12(b)(6) is critical because of

significant differences between the two rules' procedural, factual, and legal burdens.

*See Davis v. Wells Fargo*, 824 F.3d 333, 348-49 (3d Cir. 2016) (noting that the Court

has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack

of subject matter jurisdiction to be turned into an attack on the merits").  Under Rule

12(b)(6), Berditchev bears the burden and the court must "accept all factual allegations

as true, construe the complaint in the light most favorable to the plaintiff, and determine

whether, under any reasonable reading of the complaint, the plaintiff may be entitled

to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted).  The court is also not permitted to "go beyond the facts alleged in the Complaint and the documents on which the claims made therein [are] based." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1425 (3d Cir. 1997).[2]

In any event, if there is any doubt on the sufficiency of the pleading allegations at issue, leave to amend should be freely granted pursuant to Federal Rule of Civil Procedure 15(a)(2). *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

---

[2] Even if Defendant's motion is considered under Rule 12(b)(1), Defendant has offered no support justifying dismissal based solely on Defendant's pure speculation about Plaintiffs' agreements with Luxardo SPA.  Since Defendant has not submitted any evidence external to the Complaint, Defendant appears to be making a facial challenge such that the Rule 12(b)(6) standard applies in any event. *Curlin Med. Inc. v. ACTA Med., LLC*, No. 16-cv-2464, 2016 WL 6403131, at *2 (D.N.J. Oct. 27, 2016) ("A facial challenge asserts that the Complaint does not allege sufficient grounds to establish subject matter jurisdiction or that there is a legal bar to the court hearing the case, such as sovereign immunity. When reviewing a facial challenge under Rule 12(b)(1), Rule 12(b)(6)'s standards apply – requiring that the Court must accept all factual allegations in the Complaint as true, and that the Court may only consider the Complaint and documents referenced in or attached to the Complaint."). Only "[w]hen the 12(b)(1) motion is 'factual,' in that it challenges the facts underpinning the Court's jurisdiction, [ ] may [the Court] 'consider and weigh evidence outside the pleading and properly place[ ] the burden of establishing jurisdiction' on the plaintiff." *Id.* at *3. Here, Plaintiffs have alleged sufficient grounds to establish subject matter jurisdiction and Lanham Act "standing."

### B.     Standard for Dismissal under Rule 12(b)(7).

Berditchev, as the moving party, also bears the burden of proof on the issue of whether the Italian Luxardo SPA company is a necessary and indispensable party under Federal Rule of Civil Procedure 12(b)(7).  *See Disabled in Action of Pa. v. Southeastern Pa. Transp. Auth.*, 635 F.3d 87, 97 (3d Cir. 2011).  Federal Rule of Civil Procedure 19 mandates a two-step process for the Court to follow in connection with this inquiry: (1) determine whether the absent party is "necessary" under Rule 19(a); and (2) if the party is "necessary" and joinder is not feasible, then decide whether the party is "indispensable" under Rule 19(b).  *Tullett Prebon PLC v. BGC Partners, Inc.*, 427 F. App'x 236, 239 (3d Cir. 2011).

Under Rule 19(a)(1), Luxardo SPA is only a necessary party if: (a) the court cannot accord complete relief among the existing parties in Luxardo SPA's absence; or (b) Luxardo SPA claims an interest relating to the subject of the action and is so situated that disposing of the action in Luxardo SPA's absence may impair or impede Luxardo SPA's ability to protect that interest or leave Berditchev subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Even if Luxardo SPA is determined to be a necessary party, dismissal of the Complaint (as opposed to joinder or permission to amend) is not appropriate.  *See*, *e.g.*, Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1359 (3d ed.) ("[C]ourts are reluctant to grant motions to dismiss of this type;" "a Rule 12(b)(7) motion will not be granted because

7

of a vague possibility that persons who are not parties may have an interest in the action;" and "dismissal is warranted only when the defect is serious and cannot be cured.").

## II.   PLAINTIFFS HAVE LANHAM ACT STANDING UNDER *LEXMARK*.

Section 43(a) of the Lanham Act, 15 U.S.C.A. § 1125(a), provides that a person who violates its prohibitions shall be liable in a civil action "by any person who believes that he or she is or is likely to be damaged" by an act in violation of § 43(a). 15 U.S.C. § 1125(a). Thus, the non-owner of a mark (like Plaintiffs here) has standing to sue in federal court under Lanham Act § 43(a) if they believe they are likely to be damaged. A plaintiff clearly need not be the "owner" or "registrant" of a mark in order to assert a § 43(a) unfair competition claim, as opposed to a § 32 registered trademark infringement claim.  Thus, courts have routinely held that both an exclusive and non-exclusive U.S. distributor of a foreign-made branded product have standing to sue under § 43(a) for trademark infringement.  *See*, *e.g.*, *Ferrero U.S.A., Inc. v. Ozak Trading, Inc.*, 753 F. Supp. 1240, 1245 (D.N.J. 1991), *aff'd*, 935 F.2d 1281 (3d Cir. 1991) (exclusive U.S. distributor of Italian-made products has standing under § 43(a) to sue a parallel importer and successfully established that the defendant's U.K.-labeled products were materially different from the authorized U.S. imports).  The standing of even a **non**-exclusive licensee to pursue Lanham Act claims is confirmed by one of the non-binding cases relied upon by Berditchev. *See Drew Estate Holding Co. v. Fantasia*

8

*Distrib., Inc.*, 875 F. Supp. 2d 1360, 1366 (S.D. Fla. 2012) (cited by Berditchev at Moving Br. [Dkt. 9-1], pp. 2, 9) (holding, on summary judgment, that a licensee plaintiff has standing to bring claims to address injury to its rights under the Lanham Act).

Only two of the cases cited by Berditchev on the Lanham Act "standing" issue were decided on motions to dismiss and both are readily distinguishable.  First, in an unpublished decision regarding a family fight over the TONY LUKE trademark, the court relied on an agreement (which, unlike here, was already in the record) that explicitly **<u>prohibited</u>** plaintiff from suing defendants.  The parties were involved in other breach of contract litigation pending in another court and plaintiff's claims, unlike the claims at issue here, included a trademark infringement claim under Section 32 of the Lanham Act, 15 U.S.C. § 1114 (which is, by its express language, limited to actions brought by the "registrant").  Notably, the court did not mention *Lexmark* at all, and addressed the standing issue under Rule 12(b)(1) with reference to the terms of the agreement, and thus did not analyze the sufficiency of the complaint's allegations under Rule 12(b)(6), as the Court is required to do here.  *See Tr Worldwide Phillyfood, LLC v. Tony Luke, Inc.*, No. 16-cv-1185, 2017 WL 396539, at *3 (D.N.J. Jan. 30, 2017).

Similarly, in *Aceto Corp. v. TherapeuticsMD, Inc.*, 953 F. Supp. 2d 1269, 1280 (S.D. Fla. 2013), which was decided before *Lexmark*, both trademark **<u>and patent</u>** claims were involved, and the issue of "standing" was neither challenged nor fully

addressed. Instead, the issue was whether joinder of the patent and trademark registration owner was required.  The court granted the plaintiff leave to either demonstrate that plaintiff was the equivalent of an assignee of the patent and trademark rights at issue or name the patent owner as a party.  No patent claims are at issue here, nor does Berditchev challenge Hotaling's exclusive rights to import, supply, and market Luxardo SPA's products in the United States.

The remaining cases cited by Berditchev do not support Rule 12(b)(6) dismissal as they instead address the merits of claims to rights and were filed at a later stage of the proceedings based on a complete evidentiary record.  *See O.O.C. Apparel, Inc. v. Ross Stores, Inc.*, No. 04-cv-6409, 2007 WL 869551, at *3 (D.N.J. Mar. 20, 2007) (summary judgment granted where permission was expressly required by license); *Fin. Inv. Co. (Bermuda) Ltd. v. Geberit AG*, 165 F.3d 526, 532 (7th Cir. 1998) (summary judgment granted where permission was expressly required by license); *Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*, 920 F.3d 704, 709–10 (11th Cir. 2019) (summary judgment granted against European licensee where agreement was clear that licensor retained all United States rights, including the right to enforce); *Visa U.S.A. Inc. v. First Data Corp.*, No. 02-cv-01786, 2005 WL 6271242, at *5 (N.D. Cal. Aug. 16, 2005) (summary judgment granted where license expressly prohibited action).

Here, when the issue is properly framed through the lens of *Lexmark* and Rule 12(b)(6), Plaintiffs have more than adequately alleged that they "fall[] within the class of plaintiffs whom Congress has authorized to sue under § 1125(a)." *Lexmark*, 134 S. Ct. at 1387.  Plaintiffs have alleged that they are within the "zone of interests" covered by the Lanham Act, by alleging an injury to a commercial interest in reputation or sales. *Id.* at 1390; (Compl. ¶¶ 2, 21-25 (alleging exclusive distribution rights and Berditchev's sales of materially different goods sold in the same markets in direct competition to Plaintiffs).)  Plaintiffs have also adequately alleged proximate cause by alleging "economic or reputational injury" flowing directly from the deception wrought by the Berditchev's sales and promotion, *e.g.*, deception of consumers causing them to withhold trade from Plaintiffs. *Lexmark*, 134 S. Ct. at 1391; (Compl. ¶¶ 21-26, 32-34 (alleging likelihood of confusion caused by Berditchev's materially different offerings in direct competition to Plaintiffs).)

### III.   LUXARDO SPA IS NOT A NECESSARY OR INDISPENSABLE PARTY.

This is not an action "concerning the rights" in the LUXARDO brand like those at issue in the cases relied upon by Berditchev.  The cases relied upon by Berditchev, none of which are from Third Circuit courts, largely involve disputes concerning the ownership of the subject marks or situations where there is split ownership of registrations and all the owners of the registered rights are not parties. *See*, *e.g.*, *Earl v. Peverett*, No. 90-cv-5019, 1991 WL 33281, at *1 (S.D.N.Y. Mar. 7, 1991)

11

(individual who owned the subject registration was a necessary party in dispute involving the ownership of the rights to use the band name FOGHAT); *Reynolds v. Banks*, No. 12-cv-11664, 2012 WL 2524332, at \*5 (E.D. Mich. June 29, 2012) (co-owners of the subject trademark registration were necessary parties in dispute involving the ownership of the rights to use the band name THE DRAMATICS); *Int'l Importers, Inc. v. Int'l Spirits & Wines, LLC*, No. 10-cv-61856, 2011 WL 7807548, at \*8 (S.D. Fla. July 26, 2011) (joinder of co-owner of registration required).  When there is a dispute over who owns a particular mark, it makes sense to require joinder of the owners of the mark's registration.  That is not the case here.

In two other cases cited by Berditchev, also from outside the Third Circuit, the owner of the registration was required to be joined when the trademark owner's licensee was potentially subject to an infringement claim.  This too makes sense – if the adversary succeeds in enjoining one licensee, the trademark owner could just grant a license to another party and the adverse party would have to litigate the infringement issue again.

For example, in *Marrero*, it was the party seeking to *enjoin* the licensee who sought to add the licensor and owner of the trademark.  *Marrero Enters. of Palm Beach, Inc. v. Estefan Enters., Inc.*, No. 06-81036-CIV, 2007 WL 4218990, at \*2 (S.D. Fla. Nov. 29, 2007).  In the *Jaguar* case, the issue was whether the owner of the JAGUAR mark for cars could cancel a United States registration for JAGUAR in connection with

watches that was owned by a Spanish company, MJM, and stop use of the mark on watches by MJM's exclusive U.S. distributor, Festina.  First, MJM exited the case via a successful motion to dismiss for lack of personal jurisdiction.  Festina then moved under Rule 19, asserting that the automaker's challenge to the validity of MJM's rights in the JAGUAR mark for watches could not proceed without MJM, the owner of the registration covering watches.  The court agreed, holding that MJM's rights in the JAGUAR registration were directly challenged and sought to be cancelled by plaintiff such that MJM was a required party.  *See Jaguar Cars, Ltd. v. Manufactures Des Montres Jaguar. S.A.*, 196 F.R.D. 306, 308 (E.D. Mich. 2000).  Again, that is not the situation here.

This case does not present any similar issue regarding who owns the subject trademark.  Instead, this case presents the straightforward issue of the exclusive U.S. distributor's rights to stop Berditchev from continuing to bamboozle United States consumers into buying Italian products not labeled for sale in the United States marketplace, often by linking those products to the very same Amazon listings created by Plaintiffs for authorized, properly labeled products, and harming Plaintiffs in the process.  Berditchev has cited no case that addresses the situation presented here, where an exclusive distributor seeks to protect United States consumers from confusion caused by sales of materially different goods sold under the subject trademark.

13

There is no need to involve Luxardo SPA to litigate the claims in this United States dispute concerning the marketing and sale of products not labeled for sale in the United States marketplace. There is no risk of Luxardo SPA filing a similar suit against Berditchev – indeed, Luxardo SPA has provided exclusive United States distribution rights to Hotaling, as alleged in the Complaint. (*See* Compl. ¶2.) It is those exclusive rights that are being harmed by Berditchev's unauthorized sales. The economic benefits that Luxardo SPA enjoys from the sale of its products in Italy are realized via its sales to its exclusive United States distributor (Hotaling), or its sales to foreign purchasers and/or distributors of products authorized to be sold in other countries, but are not intended or labeled for sale in the United States. Even if Luxardo SPA authorized the sale of the products sold by Berditchev abroad (*e.g.*, Italian-label products sold in Italy or U.K.-labeled products sold in the U.K.), that is not relevant to the issue of whether Berditchev is unfairly competing with Plaintiffs based on Berditchev's sale of Italian-labeled or other improperly labeled products in the United States.

Finally, Berditchev goes so far as to threaten to challenge "the validity of the Luxardo Marks" if the case proceeds, without providing any grounds whatsoever for any such invalidity claim. The registration at issue is incontestable (*see* Compl. ¶9) and Berditchev has no legitimate grounds to challenge the registration. For these reasons, joinder of Luxardo SPA is not required.

14

## **CONCLUSION**

The Complaint sufficiently alleges Plaintiffs' rights as exclusive distributors of genuine LUXARDO products and appropriately seeks to assert those rights to stop Berditchev's unlawful sale of materially different Italian-labeled or other improperly labeled products in a manner that is likely to cause customer confusion and unfairly competes with Plaintiffs in the United States, the exclusive market owned by Plaintiffs to sell properly imported and labeled products. Accordingly, Plaintiffs respectfully request that the Court deny Defendant's motion to dismiss and order Defendant to answer the Complaint so that the parties can proceed with discovery and, ultimately, a resolution on the merits.

Dated:  February 16, 2021                    Respectfully submitted,

By:  s/David S. Gold                         By:  s/Allison H. Altersohn

David S. Gold, Esq.                          Allison H. Altersohn, Esq.
Elizabeth A. Carbone, Esq.                   Kathleen E. McCarthy, Esq.
Cole Schotz P.C.                             KING & SPALDING, LLP
Court Plaza North, 25 Main Street            1185 Avenue of the Americas
Hackensack, New Jersey 07601                 New York, New York 10036
Telephone: (201) 525-6305                    Telephone: (212) 556-2345
Facsimile:  (201) 678-6305                   Facsimile:  (212) 556-2222
dgold@coleschotz.com                         kmccarthy@kslaw.com
ecarbone@coleschotz.com                      aaltersohn@kslaw.com
*Attorneys for Plaintiff Sanniti LLC*        *Attorneys for Plaintiff Hotaling & Co.,*
                                             *LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION**

**TO DISMISS** has been served on February 16, 2021, via ECF to all counsel of

record.

By:   s/Allison H. Altersohn_____
*Attorneys for Plaintiff Hotaling & Co., LLC*

16