Mark Berkowitz (Bar No. 232472017)
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Tel.:    (212) 216-8000
Fax:    (212) 216-8001
E-mail: mberkowitz@tarterkrinsky.com

***Attorneys for Defendant***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOTALING & CO., LLC and SANNITI LLC,<br><br>Plaintiffs,<br><br>v.<br><br>LY BERDITCHEV CORP.,<br><br>Defendant. | Civil Action No. 2:20-cv-16366<br><br><u>Assigned to</u>:<br>Judge John Michael Vazquez<br>Magistrate Judge James B. Clark<br><br>**JURY TRIAL DEMANDED** |
| LY BERDITCHEV CORP.,<br><br>Counterclaimant,<br><br>v.<br><br>HOTALING & CO., LLC; SANNITI LLC; and GIROLAMO LUXARDO S.P.A.<br><br>Counterclaim-Defendants. | |

**DEFENDANT LY BERDITCHEV CORP.'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant LY Berditchev Corp. ("LYB"), through its counsel, hereby responds to the Complaint, dated November 17, 2020 (ECF No. 1, "Complaint") of Plaintiffs Hotaling & Co., LLC ("Hotaling") and Sanniti LLC ("Sanniti") (collectively, "Plaintiffs") as set forth below.  In response to all paragraphs of the Complaint, LYB denies each and every allegation except as expressly admitted herein.  LYB responds specifically to Plaintiffs' averments as follows:

## INTRODUCTION

1.      LYB admits that Plaintiffs purport to allege claims for federal and common law unfair competition concerning LYB's marketing and/or sale of LUXARDO brand cherries.  LYB denies the remainder of the allegations of paragraph "1" of the Complaint.

## THE PARTIES

2.      LYB denies the allegations of paragraph "2" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

3.      LYB denies the allegations of paragraph "3" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

4.     LYB admits that it is a New York corporation with a place of business at 95 High Street, Passaic, New Jersey 07055.

## JURISDICTION AND VENUE

5.     LYB admits that it is subject to personal jurisdiction in this Court for purposes of this Action.

6.     LYB admits that it is subject to personal jurisdiction in this Court for purposes of this Action.  LYB denies the remainder of the allegations of paragraph "6" of the Complaint.

7.     LYB denies the allegations of paragraph "7" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

8.     LYB admits that venue is proper for purposes of this Action.  LYB denies the remainder of the allegations of paragraph "8" of the Complaint.

## FACTS COMMON TO ALL COUNTS

9.     LYB denies the allegations of paragraph "9" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

10.     LYB denies the allegations of paragraph "10" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

11.     LYB denies the allegations of paragraph "11" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

12.     LYB denies the allegations of paragraph "12" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

13.     LYB denies the allegations of paragraph "13" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

14.     LYB denies the allegations of paragraph "14" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

15.     LYB denies the allegations of paragraph "15" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

16.     LYB denies the allegations of paragraph "16" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

17.     LYB denies the allegations of paragraph "17" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

18.     LYB denies the allegations of paragraph "18" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

19.     LYB admits that it has sold LUXARDO brand cherries in the United States on the Amazon.com platform.  LYB denies the remainder of the allegations of paragraph "19" of the Complaint.

20.     LYB denies any "improper avoidance of applicable tariffs."   LYB denies the remainder of the allegations of paragraph "20" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

21.     LYB denies the allegations of paragraph "21" of the Complaint.

22.     LYB denies the allegations of paragraph "22" of the Complaint.

23.     LYB admits that it sells LUXARDO brand cherries that do not include the name and contact information for Hotaling.  LYB denies the remainder of the allegations of paragraph "23" of the Complaint.

24.     LYB denies the allegations of paragraph "24" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

25.     LYB denies the allegations of paragraph "25" of the Complaint.

26.     LYB denies the allegations of paragraph "26" of the Complaint.

27.     LYB denies the allegations of paragraph "27" of the Complaint.

28.     LYB admits that: (i) multiple complaints were filed with Amazon requesting that LYB's listings for LUXARDO brand cherries be removed; and (ii) LYB's counsel communicated with counsel purporting to be representing Sanniti regarding such listings.  LYB denies the remainder of the allegations of paragraph "28" of the Complaint.

29.     LYB admits that: (i) multiple complaints were filed with Amazon requesting that LYB's listings for LUXARDO brand cherries be removed; and (ii) LYB's counsel spoke with counsel purporting to be representing Sanniti regarding such complaints.  LYB denies the remainder of the allegations of paragraph "29" of the Complaint.

30.     LYB admits that, on or about October 20, 2020, LYB received a letter purporting to be authored by Hotaling's counsel demanding that LYB cease selling LUXARDO brand cherries.  LYB denies the remainder of the allegations of paragraph "30" of the Complaint.

## FIRST COUNT

31.    LYB repeats and reiterates each and every one of the foregoing answers in response to the allegations made in paragraph 31 of the Complaint herein with the same force and effect as though set forth at length.

32.    LYB denies the allegations of paragraph "32" of the Complaint.

33.    LYB denies the allegations of paragraph "33" of the Complaint.

34.    LYB denies the allegations of paragraph "34" of the Complaint.

## SECOND COUNT

35.    LYB repeats and reiterates each and every one of the foregoing answers in response to the allegations made in paragraph 35 of the Complaint herein with the same force and effect as though set forth at length.

36.    LYB denies the allegations of paragraph "36" of the Complaint.

37.    LYB denies the allegations of paragraph "37" of the Complaint.

38.    LYB denies the allegations of paragraph "38" of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.  In particular, the Complaint fails to provide any factual support for any of the claims from which the Court could conclude that LYB is liable for any claim.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims against LYB are barred to the extent that Plaintiffs lack standing to assert any of the causes of action and/or form of recovery contained in the Complaint because Plaintiffs do not hold exclusive rights in the LUXARDO trademark asserted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against LYB are barred by the exhaustion doctrine/first sale doctrine.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the doctrine of unclean hands. In particular, Plaintiffs' claims are barred by their own unlawful conduct.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against LYB are barred, in whole or in part, because Plaintiffs have failed to mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against LYB are barred by license.  On information and belief, Plaintiffs have granted Amazon an irrevocable license to use the LUXARDO trademark on ASINs at issue and to sub-license the LUXARDO trademark to third-party resellers, like LYB.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against LYB are barred, in whole or in part, by trademark misuse.

\*       \*       \*

LYB reserves the right to allege additional Affirmative Defenses as they become known, and accordingly to amend this Answer.

## COUNTERCLAIMS

Defendant/Counterclaimant LY Berditchev Corp. ("LYB"), through its counsel, for its counterclaims against Plaintiffs/Counterclaim-Defendants Hotaling & Co., LLC ("Hotaling"), Sanniti LLC ("Sanniti") and Girolamo Luxardo S.P.A. ("Luxardo") (collectively, "Counterclaim-Defendants") alleges as follows:

## THE PARTIES

1.      LYB is a corporation organized and existing under the laws of the State of New York, with a place of business at 95 High Street, Passaic, New Jersey 07055.

2.      On information and belief, Hotaling is a California limited liability company having its principal place of business at 550 Montgomery Street, Suite 300, San Francisco, California 94111.

3.      On information and belief, Sanniti is a New Jersey limited liability company having its principal place of business at 1275 Valley Brook Avenue, Lyndhurst, New Jersey 07071.

4.      On information and belief, Luxardo is a corporation organized and existing under the laws of Italy having a place of business at Via Romana 42 Torreglia (Padova), 35038, Italy.

## JURISDICTION AND VENUE

5.      These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 1367 and 15 U.S.C. § 1121.

6.      This Court has personal jurisdiction over Counterclaim-Defendants because Counterclaim-Defendants have subjected themselves to the jurisdiction of this Court for purposes of these counterclaims, and because they transact business within the State of New Jersey, and have committed tortious acts causing injury within the State of New Jersey.

7.      On information and belief, Counterclaim-Defendant Luxardo has provided Hotaling and Sanniti with access to the Luxardo trademarks for purposes of submitting reports of infringement to Amazon, which reports have caused injury within the State of New Jersey.

8.     With respect to these counterclaims, venue is proper in this District pursuant to 28 U.S.C. § 1391.

## BACKGROUND FACTS

9.     On information and belief, Hotaling imports LUXARDO brand cherries into the United States.

10.     On information and belief, Sanniti is a distributor of LUXARDO brand cherries in the United States, and sells LUXARDO brand cherries through an Amazon storefront.

11.     On information and belief, Luxardo is the owner of the LUXARDO trademarks, including U.S. Trademark Registration No. 4460894 ("the LUXARDO Registration") (collectively, the "Luxardo Mark").

12.     LYB is in the business of lawfully acquiring and re-selling various consumer products for a profit.

13.     LYB resells products through various channels, including through an Amazon storefront.

14.     Since its formation, LYB has served hundreds of thousands of customers through its Amazon storefront.

15.     Counterclaim-Defendants' illegal actions have irreparably damaged and threaten to destroy LYB's successful business.

**Online Marketplaces**

16.     On information and belief, Amazon is the world's largest online retailer.

17.     According to published reports, Amazon is worth more than the next eight largest retailers located in the United States combined. *See* JP Mangalindan, *Amazon is now worth more than America's 8 largest retailers combined*, Yahoo Finance (Jan. 25, 2017), https://finance.yahoo.com/news/amazon-is-now-worth-more-than-americas-8-largest-retailers-combined-124101625.html.

18.     Amazon's online e-commerce platform allows for third parties, like LYB, to sell products on its e-commerce platform.

19.     The privilege of selling on Amazon is highly advantageous, as Amazon provides third parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

20.     Since approximately 2016, LYB has had a contractual and business relationship with Amazon, such that LYB was and is permitted to sell products on Amazon's e-commerce platform.

21.     Third-party sellers, like LYB, create an online storefront on Amazon. When a customer buys a product on Amazon, the customer can see the online store from which the customer is purchasing a product.

22.     A significant portion of LYB's business is derived from the sale of products on Amazon and, in particular, through its Amazon storefront.

23.     Once LYB acquires products from reputable sources, LYB resells the same products on Amazon at a profit.

24.     In general, transactions on LYB's Amazon storefront are completed by Amazon, whereby Amazon ships LYB's products from an Amazon warehouse (known as "Fulfilment by Amazon" or "FBA").

25.     LYB has invested significant efforts into building a successful and reputable Amazon storefront.

26.     LYB's Amazon storefront has amassed over fourteen-thousand reviews and holds a near perfect customer rating.

27.     A small sample of LYB's recent reviews are shown below:



28.   Any harm that comes to the relationship between LYB and Amazon creates a potential for serious and irreparable injury to LYB.

**COUNTERCLAIM-DEFENDANTS'
ATTEMPT TO STIFLE COMPETITION BY FILING
FALSE INTELLECTUAL PROPERTY COMPLAINTS**

29.   On information and belief, Counterclaim-Defendants seek to increase their profits by controlling the distribution and pricing of products through unlawful means.

30.     As demonstrated below, Counterclaim-Defendants have engaged in a course of conduct designed to preclude certain third parties such as LYB from reselling genuine LUXARDO brand cherries on online marketplaces by false allegations of intellectual property infringement and defamation.

31.     On information and belief, the purpose of these false complaints and defamatory statements was to prevent LYB from selling genuine LUXARDO brand cherries on Amazon.

32.     On information and belief, the purpose of these false complaints was to damage LYB's reputation and goodwill, such that Amazon would suspend or terminate its relationship with LYB.

33.     Because LYB sells only genuine products through its Amazon storefront, Counterclaim-Defendants have no legitimate intellectual property claim(s) against LYB.

34.     Under the first sale doctrine, LYB is lawfully permitted to re-sell LUXARDO brand cherries without violating the intellectual property rights or other legal rights of the owner of the LUXARDO trademark.

35.     The first sale doctrine provides that, once a manufacturer places a product in the stream of commerce through its first sale, it can no longer enforce its intellectual property rights with regard to re-sellers, so long as the re-sellers are selling authentic, unaltered products.

36.     It is well-known among brand owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

37.     As one Amazon expert explained:

> In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notices of claimed infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and possibly your legal team) can prove that the infringement claim is false, Amazon considers it valid and actionable.
>
> ***Unfortunately, word is out among potential infringement claim abusers that anyone can submit a form.*** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.
>
> They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

See Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer, https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (last visited September 9, 2021) (emphasis added).

38.     On information and belief, Counterclaim-Defendants were, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

39.     On information and belief, Counterclaim-Defendants were, at all relevant times, aware that Amazon will act on reports that a product is "counterfeit," regardless of the truth of the report.

40.     The Lanham Act defines "counterfeit" as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127.

41.     Counterclaim-Defendants filed, or directed their agents to file, complaints with Amazon that alleged that LYB was selling "counterfeit" LUXARDO brand cherries.

42.     On information and belief, Counterclaim-Defendants knew that such allegations were false.  Counterclaim-Defendants' allegations of counterfeiting were objectively unreasonable sham submissions made in bad faith in an effort to prevent LYB's resale of genuine LUXARDO brand cherries on Amazon's e-commerce platform.

43.     Each complaint submitted to Amazon was signed under penalty of perjury by an employee or agent of Counterclaim-Defendants.

44.     For example, when submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

> "I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."

> "I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above."

Report Infringement, https://www.amazon.com/report/infringement (last visited September 9, 2021).

45.     On information and belief, the false complaints at issue were signed under penalty of perjury by Francesco Quattrone, an owner of Sanniti.

46.     Once confirmed through discovery, Mr. Quattrone and all individual(s) responsible for the false intellectual property complaints described below will be added as counterclaim defendants in this action.

47.     For example, on or about October 15, 2020, LYB received a notice from Amazon stating as follows:

> Hello,
>
> We have deactivated the product listing(s) mentioned at the end of this email.
>
> Why did this happen?
> We received a report from a rights owner that the products below are inauthentic.
>
> The rights owner is asserting that the products infringe the following trademark:
> Trademark number 4460894
>
> One or more of your listings is infringing the intellectual property rights of others.
>
> We're here to help.
> If you need help understanding why your listings may infringe the

intellectual property rights of others, please search for "Intellectual Property Policy" in Seller Central Help (https://sellercentral.amazon.in/gp/help/external/201361070).

How do I reactivate my listing?
Please provide the following to reactivate your listings:
-- A letter of  or a licensing agreement from the manufacturer or Rights Owner demonstrating that your products are lawful. External links are not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff.

How do I submit this information?
Go to Received Intellectual Property Complaints under the Product Policy Compliance section on your account health dashboard (https://sellercentral.amazon.in/performance/dashboard) and locate the deactivation record for this product listing. Click on the Appeal button next to the listing deactivation record to submit information necessary to reactivate your listing.

Have your listings been removed in error?
If you think that the rights owner has made an error in sending the notice, please reach out to the rights owner and ask for a retraction of the notice. To retract the complaint, the rights owner must send the retraction to us at notice-retraction@amazon.in or use the retraction function in Brand Registry.

These are the rights owner's contact details:
-- LUXARDO THE ORIGINAL MARASCHINO CHERRIES
powerbrandpartners@gmail.com

We can only accept retractions if the rights owner clearly states that they made an error.

What happens if I do not provide the requested information?
Your listings will remain inactive. We reserve the right to destroy the inventory associated with this violation if proof of authenticity is not provided within 90 days. Violating this policy may also result in loss of selling privileges or other  consequences.

ASIN:  B009YLDEMW

Infringement type:  Counterfeit
Trademark asserted:  4460894
Complaint ID: 7482217001

You can view your account performance
(https://sellercentral.amazon.in/performance/dashboard?reftag=email_wa
rn) or select Account Health on the home screen of the Amazon Seller
app on your iOS or Android device. The Account Health dashboard
shows how well your account is performing against the performance
metrics and policies required to sell on Amazon.

48.     The above report relates to a LUXARDO brand cherry product, which

is referenced by its Amazon Standard Identification Numbers ("ASIN").

49.     The LUXARDO brand cherry product identified as "counterfeit" in

the above report was genuine.

50.     The LUXARDO brand cherry product identified as "counterfeit" in

the above report was manufactured and distributed by Luxardo.

51.     On information and belief, prior to filing the above report,

Counterclaim-Defendants performed a test purchase and knew that the above

product was not "counterfeit."

52.     On information and belief, Counterclaim-Defendants' allegation that

the above LUXARDO brand cherry product was counterfeit was knowingly false

and made in bad faith.

53.     Counterclaim-Defendants submitted multiple complaints to Amazon,

each resulting in the suspension of LYB's ability to sell LUXARDO brand cherry

products, including those listed below:

| Date | Complaint ID | ASIN |
|------|--------------|------|
| 9/30/2020 | 7439294601 | B07KYP4NF8 |
| 10/15/2020 | 7482217001 | B009YLDEMW |

54.    On information and belief, the LUXARDO brand cherry products identified as "counterfeit" or infringing in each of the above reports (the "Reports") were genuine.

55.    On information and belief, the LUXARDO brand cherry products identified as "counterfeit" or infringing in each of the above Reports were manufactured by, or on behalf of, Luxardo.

56.    On information and belief, prior to filing the above Reports, Counterclaim-Defendants knew, or should have known, that the products were not counterfeit.

57.    On information and belief, Counterclaim-Defendants' allegations that the above LUXARDO brand cherry products were counterfeit was knowingly false and made in bad faith.

58.    By correspondence dated October 1, 2020, LYB's counsel put Counterclaim-Defendants on written notice that Counterclaim-Defendants' complaints to Amazon were baseless and demanded their retraction.

## **HARM TO COUNTERCLAIMANT**

59.    As a result of the above false rights complaints, LYB's listings relating to LUXARDO brand cherry products were suspended, resulting in an immediate loss of revenue.

60.    It is well-known that complaints to Amazon put Amazon sellers in jeopardy of a full selling suspension, meaning that LYB's ability to sell any and all products on Amazon would be lost.

61.    On information and belief, Counterclaim-Defendants were aware that complaints to Amazon, particularly those alleging the sale of counterfeit products, result in selling suspensions.

62.    As a result of the above false rights complaints, LYB's selling privileges were suspended, resulting in a substantial loss of revenue.

63.    On information and belief, Counterclaim-Defendants have used these same tactics, namely filing false infringement complaints, against other Amazon sellers.

64.    At no time has LYB ever sold counterfeit, used, damaged or opened LUXARDO brand cherry products.

65.    The LUXARDO brand cherry products sold by LYB were, at all times and continue to be, authentic products bearing the name of the manufacturer, and were otherwise, at all times, sold lawfully.

66.     On information and belief, Counterclaim-Defendants knowingly made false intellectual property rights complaints against LYB.

67.     On information and belief, the true purpose of these complaints was to ensure the suspension of LYB's marketplace listings, control pricing and eliminate fair competition.

68.     As result of Counterclaim-Defendants' false complaints, LYB's performance metrics were irreparably damaged.

69.     It is well-known that as much as 90% of all Amazon sales occur from Amazon's "buy box," a section of an Amazon product detail page where customers can add a product to their cart.

70.     Amazon determines which seller gets the "buy box" based on a number of factors, including the seller's performance metrics.

71.     Counterclaim-Defendants' false complaints damaged LYB's metrics and caused LYB to lose the "buy box" on many of its product listings.

## COUNTERCLAIM I - DECLARATORY JUDGMENT
### (No Trademark Infringement or Counterfeiting)

72.     LYB repeats and realleges the allegations of Paragraphs 1–71 of the Counterclaims as if fully set forth herein.

73.     Luxardo manufactures and distributes LUXARDO brand cherry products and places such products into the stream of commerce.

74.     LYB stocks, displays, and resells new, genuine LUXARDO brand cherry products, each bearing a true mark.

75.     Counterclaim-Defendants have submitted multiple complaints to Amazon that falsely stated that LYB sold counterfeit LUXARDO brand cherry products and infringed, *inter alia*, the LUXARDO Registration.

76.     The LUXARDO brand cherry products sold by LYB were not counterfeit.

77.     Counterclaim-Defendants' complaints caused the suspension of LYB's selling privileges as they relate to LUXARDO brand cherry products.

78.     Counterclaim-Defendants' complaints put LYB in jeopardy of permanent suspension of all selling privileges, which would cause extraordinary, irreparable, and untold damage on a business that is in the virtually exclusive business of selling products on e-commerce platforms.

79.     Under these facts, an actual controversy exists between LYB and Counterclaim-Defendants.

80.     LYB is entitled to a declaratory judgment that it has not sold counterfeit LUXARDO brand cherry products.

81.     LYB is entitled to a declaratory judgment that it has not violated Counterclaim-Defendants' trademark rights or other rights, whether under Federal or State law.

## COUNTERCLAIM II – TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS

82.    LYB repeats and realleges the allegations of Paragraphs 1–81 of the Counterclaims as if fully set forth herein.

83.    LYB has had an advantageous business relationship with Amazon, which allows LYB to sell on Amazon's e-commerce platform as a third-party seller.

84.    LYB is also in a contractual relationship with Amazon.

85.    At all relevant times, Counterclaim-Defendants were aware of LYB's business relationship with Amazon, as well as LYB's contractual relationship with Amazon.

86.    At all relevant times, Counterclaim-Defendants were aware of the terms and conditions of LYB's contract with Amazon, as well as the advantageous business relationship that comes with being an Amazon seller.

87.    Counterclaim-Defendants intentionally and improperly interfered with LYB's advantageous and contractual relationship with Amazon by falsely claiming, with knowledge of such falsity, in writing, to Amazon, that LYB was selling counterfeit or otherwise infringing products.

88.    Counterclaim-Defendants' conduct directly and proximately caused disruption of LYB's relationship and contract with Amazon.

89.     Counterclaim-Defendants intended to cause Amazon to suspend LYB's ability to sell LUXARDO brand cherry products on Amazon and therefore interfere with the business relationship Amazon had with LYB.

90.     Counterclaim-Defendants had actual knowledge that its actions would cause Amazon to suspend LYB's ability to sell LUXARDO brand cherry products on Amazon.

91.     Counterclaim-Defendants' false accusations of counterfeiting and infringement, made directly to Amazon, were for the improper purpose of suppressing competition.

92.     Counterclaim-Defendants' actions interfered with LYB's business relationship with Amazon and proximately caused LYB's listing of LUXARDO brand cherry products to be suspended.

93.     On information and belief, the intentions of Counterclaim-Defendants are further demonstrated by the fact that Counterclaim-Defendants performed test purchases prior to alleging that the products sold by LYB were counterfeit.

94.     Counterclaim-Defendants' complaints to Amazon were false, were made maliciously and with the intent to interfere with LYB's business relationship with Amazon.

95.     LYB was damaged by suspension of these listings by losing revenue related to LUXARDO brand cherry products.

96.     LYB is entitled to damages, costs and attorneys' fees as allowed by law.

97.     LYB has suffered injury and, unless Counterclaim-Defendants is enjoined from such activity, will continue to suffer injury.

## COUNTERCLAIM III – DEFAMATION

98.     LYB repeats and realleges the allegations of Paragraphs 1–97 of the Counterclaims as if fully set forth herein.

99.     Counterclaim-Defendants published false statements to Amazon regarding LYB as described in these Counterclaims, including reporting to Amazon that Plaintiff sold "counterfeit" and infringing LUXARDO brand cherry products.

100.   LYB did not sell counterfeit or infringing LUXARDO brand cherry products.

101.   Counterclaim-Defendants' false statements were injurious to LYB's business because they caused Amazon to suspend LYB's selling privileges related to LUXARDO brand cherry products.

102.   Counterclaim-Defendants' false statements were injurious to LYB's business because they caused Amazon's and LYB's customers to avoid purchasing products from LYB.

103.   On information and belief, Counterclaim-Defendants were, at a minimum, negligent in making the false statements to Amazon because, among other things, Counterclaim-Defendants knew that LYB sells genuine products.

104.   Counterclaim-Defendants' false statements are not protected by any privilege.

105.   Counterclaim-Defendants acted with actual malice or with reckless disregard for the truth of the matter contained in Counterclaim-Defendants' false statements to Amazon and LYB's customers.

106.   False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation per se.

107.   Here, Counterclaim-Defendants published statements that LYB was engaged in trademark counterfeiting.

108.   Counterclaim-Defendants' false statements constitute defamation per se.

109.   Additionally, LYB incurred special harm, including, but not limited to, suspension from selling LUXARDO brand cherry products and damage to its relationship with Amazon and its customers.

110.   Whether by defamation per se or by special harm, LYB has suffered injury as LYB's selling privileges related to LUXARDO brand cherry products have been suspended and LYB has lost sales of LUXARDO brand cherry products.

111.   LYB is entitled to damages, costs, and fees as allowed by law.

112.   LYB has suffered injury and, unless Counterclaim-Defendants are enjoined from such activity, will continue to suffer injury.

## <u>COUNTERCLAIM IV – CANCELLATION</u>

113.   LYB repeats and realleges the allegations of Paragraphs 1–112 of the Counterclaims as if fully set forth herein.

114.   A registration is subject to cancellation "[a]t any time if the registered mark . . . has been abandoned . . . ."  15 U.S.C. § 1064(3).

115.   Pursuant to Section 45 of the Lanham Act, 15 U.S.C. § 1127, a mark is deemed abandoned "[w]hen any course of conduct of the owner, including acts of omission as well as commission, causes the mark to become the generic name for the goods or services on or in connection with which it is used or otherwise to lose its significance as a mark."

116.   One way in which a trademark owner can abandon its mark is by engaging in uncontrolled or "naked" licensing—that is, by licensing the mark to third parties without controlling the quality of those parties' goods or services bearing the licensed mark.

117.   On information and belief, Luxardo engaged in naked licensing of the Luxardo Mark by granting licenses to use the marks and failing to exercise adequate control over a substantial percentage of their licensees' goods and

services bearing the Luxardo Mark.  Luxardo also lacked the kind of working relationship with its licensees that would have allowed for adequate quality control.

118.   On information and belief, Luxardo has not maintained accurate records of the individuals and entities to whom they have purported to grant trademark rights because it allows third-parties to grant sub-licenses of the Luxardo Mark without Luxardo's approval or knowledge.  (*See* Compl. ¶¶ 10–11.)

119.   On information and belief, Counterclaim-Defendants have not actually exercised adequate control over the nature and quality of their purported licensees' use of the Luxardo Mark.

120.   In the Complaint, Hotaling and Sanniti allege that "Hotaling is a licensee of the [Luxardo Mark] in the United States" (Compl. ¶ 11) and that "Sanniti, through its relationship with Hotaling, is an authorized United States distributor of Luxardo Brand Cherries" (*id.* at ¶ 12).

121.   In the Complaint (at Par. 14), Hotaling and Sanniti allege as follows:

> [P]roducts authorized by [Luxardo] for importation and sale in the United States bear a prominent legend identifying [Luxardo's] exclusive importer Hotaling as the importer, and display the required U.S. labeling for food products, including the serving size, nutritional information, the safety notice in English that the product may contain pits, as well as the "best before" date stated in the U.S. format of "Month/Day/Year.

122.   However, each unit of Luxardo brand products authorized by Luxardo for importation and sale in the United States does not identify Hotaling as the importer.

123.   Each unit of Luxardo brand products authorized by Luxardo for importation and sale in the United States does not display the "best before" date stated in the U.S. format of "Month/Day/Year."

124.   On information and belief, a substantial number of Luxardo brand products authorized for distribution and sale in the United States do not identify Hotaling as the importer and do not display the "best before" date stated in the U.S. format of "Month/Day/Year."

125.   For example, on information and belief, Luxardo has authorized the sale of the cherries shown below for importation and sale in the United States:




126.   Luxardo fails to actually control the quality of products on which the Luxardo Mark is used.

127.   Luxardo fails to provide oversight to Hotaling regarding the authorization of distributors of Luxardo brand products.

128.   Luxardo's naked licensing of its mark has caused the mark to lose trademark significance, and as a consequence, the public no longer associates these marks with a single source of goods or services. Luxardo thus has abandoned the Luxardo Mark through its course of conduct.

129.   This abandonment warrants the cancellation of the Luxardo Mark pursuant to 15 U.S.C. §§ 1064(3) and 1119.

## **PRAYER FOR RELIEF**

**WHEREFORE**, LYB demands judgement as follows:

A.   Dismissing with prejudice all of the claims asserted in the Complaint;

B.   Declaring that LYB has not infringed any valid and enforceable intellectual property right owned by Counterclaim-Defendants;

C.   Entry of a judgment directing the Director of the USPTO to cancel the Luxardo Mark;

D.   Preliminary and permanent injunctive relief restraining Counterclaim-Defendants, their agents, servants, employees, successors and assigns, and all others in concert and privity with Counterclaim-Defendants, from filing false

complaints with Amazon and any other e-commerce platform regarding LUXARDO brand products;

E.    An award of all damages that LYB has suffered as a result of Counterclaim-Defendants' tortious interference;

F.    An award of LYB's attorneys' fees and all costs incurred in this Action; and

G.    Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

LYB hereby requests a jury trial for all issues triable by jury.

Respectfully submitted,

Dated: September 9, 2021              By: _s/ Mark Berkowitz_ _____

TARTER KRINSKY & DROGIN LLP
Mark Berkowitz (Bar No. 232472017)
1350 Broadway
New York, NY 10018
Tel.:    (212) 216-8000
Fax:    (212) 216-8001
E-mail: mberkowitz@tarterkrinsky.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 9, 2021, the foregoing document entitled

**DEFENDANT LY BERDITCHEV CORP.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**, was filed with the Clerk of the Court by using the CM/ECF system, which will cause such documents to be served on all counsel of record identified below via transmission of Notice of Electronic Filing generated by CM/ECF:

Allison H. Altersohn
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
Tel.:   (212) 556-2316
Email: aaltersohn@kslaw.com

David S. Gold
Elizabeth A. Carbone
COLE SCHOTZ PC
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Tel.:   (201) 489-3000
Email: dgold@coleschotz.com
            ecarbone@coleschotz.com

*s/ Mark Berkowitz*