UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOTALING & CO., LLC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>LY BERDITCHEV CORP.,<br><br>    Defendant. | Civil Action No. 20-16366 (JMV)<br><br>OPINION AND ORDER |
| LY BERDITCHEV CORP.,<br><br>    Counterclaimant,<br><br>v.<br><br>GIROLAMO LUXARDO S.P.A., et al.<br><br>    Counterclaim-Defendants. | |

**CLARK, Magistrate Judge**

    **THIS MATTER** comes before the Court on a motion by Defendant LY Berditchev Corp. ("Defendant" or "LYB") seeking leave to add Girolamo Luxardo S.p.A. ("GLS") as a party pursuant to Federal Rules of Civil Procedure 15(b)(1), 19(a), and 20, "to the extent that [GLS] is not already a party." [Dkt. No. 53 at 2]. Defendant's motion was filed in response to GLS's motion to dismiss counterclaims. [Dkt. No. 43]. GLS opposes Defendant's motion to add GLS as a party [Dkt. No. 54]. On November 1, 2022, the Honorable John Michael Vazquez, U.S.D.J., issued a text order administratively terminating GLS's motion to dismiss [Dkt. No. 43] pending the Undersigned's decision on Defendant's cross-motion to add GLS as a party. [Dkt. No. 69]. The Court reviewed the parties' submissions in support and in opposition of Defendant's motion to add

1

GLS as a party and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion to add GLS as a party [Dkt. No. 53] is **GRANTED**.

## I.   BACKGROUND

Plaintiff Hotaling & Co., LLC ("Hotaling") is a California limited liability company and is the exclusive United States importer of Luxardo brand food products. [Dkt. No. 1 ("Compl.") at ¶ 2]. Plaintiff Sanniti LLC ("Sanniti") is a New Jersey limited liability company and is an authorized distributor of Luxardo brand food products. *Id.* at ¶ 3. Plaintiffs Hotaling and Sanniti (collectively, "Plaintiffs") initiated this action on November 17, 2020 against Defendant LYB alleging "federal and common law unfair competition arising from Defendant's unlawful importation, marketing, and/or sale of 'gray market' LUXARDO brand maraschino cherries not intended or authorized for sale in the United States . . . ." *Id.* at ¶ 1. GLS manufactures the Luxardo Brand Cherries and owns all Luxardo trademarks, including U.S. Trademark Registration No. 4460894 which protects the design of the Luxardo maraschino cherries front label. *Id.* at ¶ 10. GLS granted Hotaling the exclusive right to import, supply, and market Luxardo Brand Cherries in the United States. *Id.* at ¶ 11. Sanniti, through its relationship with Hotaling, is an authorized United States distributor of Luxardo Brand Cherries. *Id.* at ¶ 12. Plaintiffs allege that Defendant has imported, distributed, marketed, and sold large quantities of Luxardo Brand Cherries not intended or authorized for sale in the United States. *Id.* at ¶ 19.

On January 18, 2021, Defendant LYB filed a motion to dismiss, arguing that Plaintiffs lack standing and failed to join GLS as a necessary party. [Dkt. No. 9]. On August 26, 2021, Judge Vazquez issued an Opinion and Order denying Defendant's motion to dismiss. [Dkt. Nos. 16 and 17]. In holding that Plaintiffs had the requisite standing, Judge Vazquez noted that Plaintiffs'

Complaint asserts a claim for unfair competition pursuant to 15 U.S.C. § 1125(a), which permits "'any person who believes that he or she is likely to be damaged' by the prescribed conduct to bring a civil action." [Dkt. No. 16 at 6 (quoting 15 U.S.C. § 1125(a)).] Judge Vazquez cited to case law indicating that the broad language of 15 U.S.C. § 1125(a) "confers standing on trademark licensees" and thus found that Plaintiffs had standing to bring this civil action. *Id.* (citations omitted). Regarding Defendant's argument that GLS, as owner of the Luxardo Marks, is a required party who must be joined under Fed. R. Civ. P. 19, Judge Vazquez held that: (1) "Defendant has failed to show that GLS cannot feasibly be joined"; and (2) "Defendant has also failed to demonstrate that GLS is a required party under Rule 19(a)." *Id.* at 11 (citations omitted). Judge Vazquez noted that Defendant's argument that "trademark owners are indispensable for Rule 19 purposes in infringement actions," *id.* (citing Dkt. No. 9-1 at 9), "misses the mark because Plaintiffs are asserting unfair competition claims under section 1125(a), not an infringement action." *Id.* The Opinion further observed that "Plaintiff's Complaint does not question the validity of the marks [owned by GLS]," *id.* at 12, and that "GLS has not independently asserted that it has an interest in this matter." *Id.* at 12 n.5.

Thereafter, on September 9, 2021, Defendant filed an Answer to the Complaint and a Counterclaim against Plaintiffs Hotaling and Sanniti and the newly added Counterclaim-Defendant GLS, seeking, among other things, a declaratory judgment that LYB has not infringed on GLS's trademarks, and cancellation of GLS's trademarks pursuant to the "naked licensing" doctrine. [Dkt. No. 18 at ¶¶ 5, 72-81, 113-17]. On September 15, 2021, Defendant LYB requested a summons to be issued as to GLS. [Dkt. Nos. 20 and 21]. On October 14, 2021, Plaintiffs/Counterclaim-Defendants Hotaling and Sanniti filed a partial motion to dismiss certain counterclaims and to strike an affirmative defense [Dkt. No. 23], which was renewed on November

24, 2021 [Dkt. No. 27] after LYB filed an Amended Answer and Counterclaim on November 1, 2021. [Dkt. No. 24].

On November 23, 2021, the Court entered a Pretrial Scheduling Order in this matter, setting the fact discovery deadline for May 2, 2022 and the deadline to file a motion to add new parties for April 22, 2022. [Dkt. No. 26 at ¶¶ 2, 15].

While discovery was underway and Hotaling and Sanniti's motion to dismiss was pending, Plaintiff demonstrated ongoing efforts to serve GLS [*see* Dkt. Nos. 30, 36, 37], which efforts proved successful when counsel for GLS entered an appearance on March 4, 2022 [Dkt. No. 40] and GLS agreed to waive service of process. [Dkt. Nos. 41 and 42]. On March 21, 2022, GLS filed a motion to dismiss LYB's counterclaims. [Dkt. No. 43]. On April 18, 2022, LYB filed the instant cross-motion to add GLS as a party, to the extent that GLS is not already a party, pursuant to Rules 15(b)(1), 19(a), and 20 of the Federal Rules of Civil Procedure. [Dkt. No. 53].[1] GLS filed an opposition to LYB's cross-motion on April 25, 2022. [Dkt. No. 54]. On November 1, 2022, Judge Vazquez issued a text order administratively terminating GLS's motion to dismiss LYB's counterclaims pending the Undersigned's decision on LYB's motion to add GLS as a party. [Dkt. No. 69].

In its motion, Defendant/Counterclaimant LYB argues GLS "should be a party to this action because Defendant's claims against [GLS]—namely, challenges to the infringement and validity of the LUXARDO trademarks—arise out of the same transaction and questions of law and fact as Defendant's Counterclaims against Plaintiffs." [Dkt. No. 52 at 2].

In opposition to LYB's motion, GLS argues that LYB's efforts to add GLS as a party were procedurally flawed, as LYB "merely add[ed] GLS to the caption of the counterclaims, without

---

[1] That same day, April 18, 2022, Judge Vazquez issued an Opinion and Order granting in part and denying in part Hotaling and Sanniti's motion to dismiss LYB's counterclaims. [Dkt. Nos. 50 and 51].

4

any motion or leave of court." [Dkt. No. 54 at 1, 10]. Regarding LYB's cancellation counterclaim, GLS avers:

> [T]here is no pre-existing cancellation counterclaim against any others in this case and the registration at issue is not asserted by anyone in the case; the cancellation claim was manufactured by LYB solely against GLS, amounting to a new claim against a new party involving a new theory about an otherwise non-asserted registration.

*Id.* at 11.

## II.   DISCUSSION

The unusual procedural posture of the subject motion wherein LYB seeks to bring in a party for the first time as a counterclaim-defendant requires the Court to draw on several Federal Rules of Civil Procedure in its analysis.

As a threshold matter, Rule 13, which addresses Counterclaims and Crossclaims, states the following regarding the joinder of additional parties: "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." Fed. R. Civ. P. 13(h). LYB argues GLS can be properly joined in this action under both Rule 19 and Rule 20. Because the standard for permissive joinder under Rule 20 is more lenient than the standard for required joinder under Rule 19, the Court will first assess whether GLS is a permissible party to be joined pursuant to Rule 20. Under Rule 20, parties may be joined as defendants if: "(A) any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "Courts have interpreted Rule 20(a) as establishing a two-part test for joinder: (1) claims brought against defendants to be joined must arise from the same transaction or occurrence and (2) claims must share a common question of law or fact." *Schindler Elevator Corp. v. Otis Elevator Co.*, No. 09-560 (DMC), 2009 WL 1351578, at *2 (D.N.J. May 14, 2009)

(citations omitted). "The term 'transaction or occurrence' is construed generously to promote judicial economy." *Id.* (citing *Transamerica Occidental Life Ins. Co. v. Aviation Off. of Am., Inc.*, 292 F.3d 384, 390 (3d Cir. 2002)).

LYB's proposed addition of GLS as a party to its counterclaim satisfies the requirements of Rule 20. The counterclaim arises from the same transaction or occurrence, namely Defendant LYB's allegedly "unlawful importation, marketing, and/or sale of 'gray market' LUXARDO brand maraschino cherries not intended or authorized for sale in the United States . . . ." [Compl. at ¶ 1; Dkt. No. 24 at ¶¶ 73-83, 115-31]. Specifically, LYB brings Count I of the counterclaim against Plaintiffs Hotaling and Sanniti as well as Counterclaim-Defendant GLS, seeking a declaratory judgment that LYB did not infringe on GLS's LUXARDO trademark or commit counterfeiting when it sold "new, genuine LUXARDO brand cherry products." [Dkt. No. 24 at ¶¶ 73-83].[2] The Court also finds the second prong of the Rule 20 analysis, i.e., the common question of law or fact, is satisfied, as the unfair competition claim brought by Plaintiffs and the declaratory judgment and cancellation counterclaims brought by LYB all require a determination that GLS's LUXARDO trademark is valid and enforceable, since these claims all arise under the Lanham Act which requires a party to have a valid, registered trademark before relief can be obtained. *See* 15 U.S.C. § 1051 *et seq.*

Finally, although addressed by LYB in its moving papers [Dkt. No. 52 at 7-8, 27-34], the Court finds an analysis of the general amendment provisions of Fed. R. Civ. P. 15(a) is unnecessary here as LYB named GLS as a Counterclaim-Defendant in its initially filed Answer and Counterclaim, rather than seeking to add GLS as a party in an amended pleading. *Cf. Schindler*

---

[2] The Undersigned declines to address GLS's arguments regarding the cancellation counterclaim, as this analysis would require legal determinations better suited for a motion to dismiss, which GLS can file pursuant to the procedure set forth in Judge Vazquez's November 1, 2022 text order. [Dkt. No. 69].

*Elevator Corp.*, 2009 WL 1351578, at *3 (conducting a Rule 15(a) analysis where the defendant had already filed an answer and counterclaim against the original plaintiffs before it filed a motion seeking leave to add a counterclaim-defendant).

## IV.     CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 28th day of November, 2022,

**ORDERED** that Defendant's motion to add Girolamo Luxardo S.p.A. [Dkt. No. 53] is **GRANTED**.

        s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**