**Not For Publication**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

HOTALING & CO., LLC and SANNITI LLC,
    *Plaintiffs,*

v.

LY BERDITCHEV CORP.,
    *Defendant.*

Civil Action No. 20-cv-16366

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

  On April 17, 2023, United States Magistrate Judge James B. Clark granted the motion for reconsideration made by Counterclaim Defendant Girolamo Luxardo S.p.A. ("GLS"). D.E. 83. Over the objection of Defendant LY Berditchev Corp. ("LYB"), Judge Clark vacated his prior decision, which granted LYB's motion to add GLS as a party—specifically as a Counterclaim Defendant—and then denied LYB's motion. *Id.* LYB now appeals that order. D.E. 86. The Court has reviewed the parties' submissions in support and in opposition and has decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated below, LYB's appeal is denied.

  **I.**  **BACKGROUND**

  GLS is the manufacturer of Luxardo maraschino cherries ("Luxardo Cherries") and the owner of the trademark for the front label design. D.E. 1 ("Compl.") ¶¶ 9-10. Plaintiffs Hotaling & Co., LLC ("Hotaling") and Sanniti LLC ("Sanniti") are California and New Jersey limited liability companies, respectively. *Id.* ¶¶ 2-3. Hotaling is the exclusive importer of Luxardo Cherries in the United States and Sanniti is an authorized distributor of the same. *Id.* ¶¶ 11-12.

LYB is a New York corporation that allegedly marketed and sold Luxardo Cherries in the United States without authorization. *Id.* ¶¶ 4, 19.

Plaintiffs allege, in essence, that Defendant engaged in the gray market sale of Luxardo Cherries in the United States. In other words, Plaintiffs do not allege that LYB sold counterfeit Luxardo Cherries. Instead, Plaintiffs claim that LYB marketed Luxardo Cherries in the United States, primarily through Amazon, when it was not authorized to do so. *Id.* ¶ 19. Hotaling and Sanniti explain that LYB sold Luxardo Cherries at a lower price by importing and distributing the product without incurring the applicable tariffs. *Id.* ¶ 20. According to Hotaling and Sanniti, the Luxardo Cherries marketed by LYB were "materially different" and "likely to cause confusion among consumers" because the labels omitted information required by United States law and the name and contact information for the United States importer (i.e., Hotaling), and because the Amazon listing linked to the Luxardo brand. *Id.* ¶¶ 21-24. Based on these allegations, Hotaling and Sanniti filed suit against LYB for unfair competition in violation of 15 U.S.C. § 1125(a) and New Jersey common law. *Id.* ¶¶ 32-38.

On August 26, 2021, the Court denied LYB's motion to dismiss the lawsuit. D.E. 17. Specifically, the Court found that Hotaling and Sanniti had standing to sue and that GLS was not a required party under Federal Rule of Civil Procedure 19. D.E. 16 at 5-13. The Court noted that even if Plaintiffs did not have standing to bring a trademark infringement claim, "the Complaint asserts a claim for unfair competition under 15 U.S.C. § 1125(a)." *Id.* at 6. Similarly, the Court noted that Defendant did not show why GLS could not be joined in the action and that even if a trademark owner was a required party for an infringement claim, "Plaintiffs are asserting unfair

2

competition claims under section 1125(a)[.]" *Id.* at 11.[1] Otherwise, the Court found that "[t]he allegations give rise to a plausible inference that Defendant's conduct has and will create confusion among consumers as to Defendant's connection to Plaintiffs and GLS," as well as an inference that Plaintiffs suffered lost sales as a result of the conduct. *Id.* at 7-8.

LYB then asserted counterclaims against Hotaling, Sanniti, and GLS. D.E. 18. In counterclaims for tortious interference and defamation, LYB claimed that Hotaling and Sanniti falsely accused LYB of selling counterfeit Luxardo Cherries.[2] D.E. 24 ¶¶ 84-114, pp. 25-29.[3] These counterclaims are not at issue on appeal because they do not include GLS. However, in another counterclaim, LYB sought a declaratory judgment against Hotaling, Sanniti, and GLS finding that LYB did not sell counterfeit Luxardo Cherries or otherwise infringe any relevant trademark ("Declaratory Counterclaim"). *Id.* ¶¶ 73-83, pp. 24-25. Separately, LYB brought a

---

[1] The Court dismissed as "speculative," allegations that the action would have preclusive effects on GLS, that the relief sought would necessarily involve GLS, or that a separate action for the same relief would be filed by GLS. D.E. 16 at 12-13. As to the preclusive effects, the Court also found that "Plaintiff's Complaint does not question the validity of the marks." *Id.* at 12. And as to the relief sought, the Court found that "Defendant fails to demonstrate how this information is relevant to the Rule 19 analysis." *Id.* Furthermore, the Court concluded that it would be able to account for Defendant's sales and profits without GLS. *Id.*

[2] As noted, Plaintiffs do not contend that Defendant's Luxardo Cherries were counterfeit. Instead, Plaintiffs indicate that Defendant was not authorized to sell Luxardo Cherries in the United States. Although LYB's counterclaims rely on the allegation that Plaintiffs accused LYB of selling counterfeit goods, based on Defendant's allegations, it is not clear to the Court whether Plaintiffs labeled the goods as counterfeit or whether Amazon did so. For example, Defendant alleges that Amazon merely requires a complainant to indicate that an offender is selling a product in violation of the complainant's rights or the rights of the owner, D.E. 24 ¶ 44, pp. 17-18, and Amazon advised Defendant that it could resolve the issue by providing a "letter or a licensing agreement from the manufacturer," *id.* ¶ 47, pp. 18-20. While Amazon also noted that the "Infringement type" was "Counterfeit," *id.*, it is not clear whether Amazon chose this description or whether Plaintiffs did so.

[3] Since D.E. 24 includes answers and counterclaims with recurring paragraph numbers, page numbers are included for ease of reference.

counterclaim solely against GLS for cancellation of the relevant trademark due to inadequate exercise of control over licensees ("Cancellation Counterclaim"). *Id.* ¶¶ 115-131, pp 29-33.

Ultimately, LYB moved to add GLS as a party. D.E. 53. Initially, Judge Clark ruled that GLS could be joined pursuant to Federal Rule of Civil Procedure 20. D.E. 73 at 5-7. Judge Clark found that the Declaratory Counterclaim against GLS arose from the same transaction or occurrence as the claims against LYB, namely the importation and distribution of Luxardo Cherries. *Id.* at 6. Judge Clark also found that there was a common question of law or fact, "since these claims all arise under the Lanham Act which requires a party to have a valid, registered trademark before relief can be obtained." *Id.* However, following a contrary ruling from United States District Judge Katherine Hayden in a related case, Judge Clark reversed course. D.E. 83. The case before Judge Hayden, *Hotaling & Co. v. Berry Solutions, Inc.*, Civ. No. 20-18718, involved the same Plaintiffs, asserting similar claims of unfair competition as to Luxardo Cherries, with the same defense counsel. *Id.* at 3.

On April 17, 2023, Judge Clark vacated his prior decision and ruled that GLS could not be joined as a party to this case pursuant to Rule 19 or Rule 20. *Id.* at 7. As to Rule 20, Judge Clark found that there was not a common question of law or fact because "Plaintiffs do not need to establish that GLS's registrations are valid to pursue their unfair competition claims." *Id.* at 6. Judge Clark also agreed with Judge Hayden that the Declaratory Counterclaim was not viable because GLS never threatened to sue and provided a covenant to not sue, and because the Cancellation Counterclaim could not proceed because it was not asserted against an existing party. *Id.* at 7. Judge Clark also relied on the Court's ruling to conclude that joinder was not required under Rule 19. *Id.*

4

On May 1, 2023, LYB filed the present appeal, D.E. 86, along with a brief in support of the appeal, D.E. 86-1 ("Br."). On May 22, GLS filed an opposition brief, D.E. 91 ("Opp."), and on May 30, LYB filed a reply brief, D.E. 93 ("Reply").

## II. Legal Standard

After a magistrate judge decides a non-dispositive motion, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "[A] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emps. Mut. Liab. Ins. Co. of Wis.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (citations omitted). "A finding is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000). Instead, "[i]n matters where the magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion." *Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006). However, "a magistrate judge's legal conclusions on a non-dispositive motion will be reviewed *de novo*." *Id*.

## III. Decision

### A. Joinder Under Rule 20

LYB argues that joinder is permitted under Rule 20 because "there are questions of law or fact common to all defendants[.]" Br. at 10. LYB explains that Hotaling and Sanniti "need to establish that Luxardo's (unregistered) trademarks are valid to pursue their unfair competition

claims." *Id.* at 8, 10. According to LYB, the false advertising prohibited by Section 1125(a) need not relate to trademark infringement, but the unfair competition claim "tracks the false association language of Section 1125(a)(1)(A)," which requires a valid trademark. *Id.* at 8-9 (citations omitted). In response, GLS primarily argues "the issue is not the mark or its validity," but "the fairness of LYB's importation, payment of tariffs (if any), resulting pricing, and sale of improperly labeled products in the U.S. market[.]" Opp. at 10.

"Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." Fed. R. Civ. P. 13(h). Under Rule 20(a)(2), joinder of defendants is permitted if

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). In other words, "claims brought against defendants to be joined must stem from the same transaction or occurrence," and "they must share a common question of law or fact." *Waterloov Gutter Prot. Sys. Co., Inc. v. Absolute Gutter Prot., L.L.C.*, 64 F. Supp. 2d 398, 407 (D.N.J. 1999).

Judge Clark correctly determined that the Cancellation Counterclaim against GLS cannot proceed, as it is directed solely against an entity that is not already a party to the original action. "[A] counterclaim or cross-claim may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party." *F.D.I.C. v. Bathgate*, 27 F.3d 850, 873 n.13 (3d Cir. 1994).[4]

---

[4] Although LYB insists that the Cancellation Counterclaim is proper, Br. at 21-22, GLS correctly points out that LYB misconstrues the holding of *Bathgate*. Opp. at 15. Since the Cancellation Counterclaim is improper, the Court need not examine GLS' additional arguments as to the joinder of that claim. *See* Opp. at 10-11, 14-15.

Judge Clark also correctly determined that the Declaratory Counterclaim against GLS stems from the same transaction or occurrence as the counterclaims against Hotaling and Sanniti. And the Court agrees with Judge Clark's determination that GLS, Hotaling, and Sanniti do not share a common question of law or fact with respect to the Declaratory Counterclaim. Plaintiffs assert a claim for unfair competition, rather than trademark infringement, under the Lanham Act. LYB correctly notes that "a valid and legally protectable mark" is required for an unfair competition claim based on false association even if trademark infringement is not alleged. *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000); *see also Bd. of Dirs. of Sapphire Bay Condos. W. v. Simpson*, 641 F. App'x 113, 114 (3d Cir. 2015).[5] However, in the Declaratory Counterclaim, LYB does *not* allege that GLS's trademark is invalid or unenforceable. Instead, LYB claims that its Luxardo Cherries were "genuine," bore a "true mark," and were "not counterfeit." D.E. 24 ¶¶ 74-77, pp. 17-20. Thus, Defendant does not raise the validity of the GLS's mark in the Declaratory Counterclaim. To the contrary, LYB emphasizes that its Luxardo Cherries had valid marks.[6] On this record, Judge Clark could reasonably conclude GLS, Hotaling, and Sanniti do not share a common question of law or fact with respect to the

---

[5] Although the Third Circuit has distinguished "unfair competitive practices involving actual or potential deception" from "acts that would technically qualify as trademark infringement," *SK & F, Co. v. Premo Pharm. Lab'ys, Inc.*, 625 F.2d 1055, 1065 (3d Cir. 1980), LYB accurately notes that this "more than 40-year old" case addresses a "prior version" of the Lanham Act and does not definitively separate the law of trademark infringement from the law of unfair competition, Reply at 5.

[6] Again, Plaintiffs never alleged that Defendant was selling counterfeit goods. Instead, Plaintiffs indicated that Defendant was not authorized to make such sales in the United States.

Declaratory Counterclaim..  Accordingly, Judge Clark did not abuse his discretion, and the Court is not left with the firm and definite conviction that a mistake has been committed.[7]

### B. Joinder Under Rule 19

LYB argues that joinder is required under Rule 19, notwithstanding the Court's prior ruling to the contrary.  Br. at 11-14.  Specifically, LYB asserts that it "has now brought claims directly against Luxardo," and that the Court's previous analysis "is no longer germane." *Id.* at 11.  LYB also contends that the Court's analysis was incorrect because unfair competition requires a valid trademark, and the Complaint sounds in trademark infringement. *Id.* at 12-13.  Alternatively, LYB maintains that a trademark owner is required to join an unfair competition suit brought by an exclusive licensee. *Id.* at 14.

Rule 19 governs the addition of persons as required parties to counterclaims.  Fed. R. Civ. P. 13(h).  Under Rule 19(a)(1), joinder of a person is required if

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>   (i)  as a practical matter impair or impede the person's ability to protect the interest; or
>   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

---

[7] The Court does not reach the parties' arguments as to the significance of GLS's covenant to not sue.  Br. at 18-19, Opp. at 13.  The Court notes, however, that LYB's analysis is misplaced.  The covenant provides that it is in effect until "there is a determination that HOTALING . . . is . . . unable to assert or pursue the claims that Plaintiffs have asserted" against LYB.  D.E. 43-3 at 2.  Defendant argues that this language means that if Hotaling loses on the merits, then the covenant would no longer be in effect.  Br. at 18.  The Court disagrees.  If Hotaling loses on the merits then, by definition, there was never an adjudication indicating that Hotaling could not pursue the claims at issue.  Instead, the covenant would be null if, for example, a court determined that Hotaling lacked standing to sue—as argued by LYB in its initial motion to dismiss.

8

Fed. R. Civ. P. 19(a)(1). "Courts treat clauses [(A) and (B)] in the disjunctive just as the rule phrases them." *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007).

Here too, Judge Clark did not abuse his discretion by denying joinder of GLS to the Declaratory Counterclaim. Judge Clark relied on the Court's prior ruling, and while LYB has now brought claims directly against GLS, the Court's analysis is still germane. GLS's absence will not prevent the provision of complete relief among existing parties; impair or impede GLS's ability to protect its interests; or leave an existing party subject to a substantial risk of incurring inconsistent obligations. *See* D.E. 16 at 11-13. LYB has not demonstrated that a trademark owner is required to be joined in an unfair competition suit brought by an exclusive licensee. In the sixty-five-year-old case cited by LYB, one licensed distributor sued another licensed distributor in connection with a dispute over the geographic boundaries of the licenses granted by the manufacturer, who was joined pursuant to Rule 19. *See Parkway Baking Co. v. Freihofer Baking Co.*, 255 F.2d 641, 643–45 (3d Cir. 1958). In this case, by comparison, a licensed importer and a licensed distributor have sued an unlicensed dealer over the importation and sale of products at lower prices. Accordingly, the Court is not left with the firm and definite conviction that a mistake has been committed.

**IV. CONCLUSION**

For the reasons set forth above, and for good cause shown,

**IT IS** on this 18th day of August, 2023,

**ORDERED** that Defendant's appeal of the Magistrate Judge Clark's order, D.E. 86, is **DENIED**.

John Michael Vazquez, U.S.D.J.

9